# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF MICHIGAN
# FLINT

Desmond Girard Walters
1301 W. Stewart Avenue
Flint, Michigan 48504-2279
  (810) 931 - 5157

   ***PLAINTIFF***

     ***IN***
  ***PRO PER***

Case: 2:13-cv-11989
Judge: Rosen, Gerald E.
MJ: Komives, Paul J.
Filed: 05-03-2013 At 03:38 PM
CMP Walters v. Michigan, State of (krk)

**Magistrate Judge:**_____

# VS

State of Michigan
Department of Licensing and Regulatory Affairs
Rae Ramsdell, Director  BHP
P.O. Box 30670
611 W. Ottawa
Lansing, Michigan 48909
  (517) 335 - 0918

   ***DEFENDANTS***

_____/

# COMPLAINT

**Complaint For:** (1) Discrimination under the American with Disabilities Act of 1990,
          Title II , (2) Intentional Infliction of Emotional Distress .

Page 2

**NOW COMES** the Plaintiff/Applicant Desmond G. Walters ( here after plaintiff-applicant, and in the third person i.e., he, him, his etc. ) on his own behalf without representation or aide of counsel.

Plaintiff has filed this Complaint with a Federal Agency designated in the Title II regulation to investigate Title II Complaints and is not satisfied with the outcome.   Moreover, the Plaintiff has exhausted his administrative remedies and is now filing his Complaint in Federal Court based on Official Documents or Act, the 2011 FINAL DENIALS for State licensing.  *Pursuant to Title II-9.1000 (1) & (2) ; Title II-9.2000 (2) ; under FRCP 9 (d) .*

Plaintiff would like to report this is a Case that has been dismissed before, Case No. 09-13294, before District Judge Bernard A. Friedman and Magistrate Judge Mark A. Randon, however since that time, we have a new Governor and as a result, the Public Entity has a new name and new Director, therefore this is a new Case, technically that is, in strict interpretation. Finally, the Plaintiff is not an attorney and is not trying to be one.  He is only representing himself to the best of his ability, humbly as a Pro Se Litigant.

The Plaintiff/Applicant has been applying for a Michigan Occupational License for 16 years now, in the beginning he had a criminal conviction history record which was far enough in the past then not to be considered, much less at this time.  Two of his legal issues was related to alcohol and other drugs.  He is bring these consolidated Cases on his most recent Applications of 2009 with all his previous applications and prior denials from a historical perspective to prove the *ongoing* cause of action - DISCRIMINATION.  Due to the lack of communication with the Plaintiff by the Defendants, he is compelled to keep attacking the State Agencies until he get's the relief requested.

The Applicant/Plaintiff has done everything the State Agencies have asked of him in a timely manner when their necessity was brought to his attention, with no recognition, acknowledgment, first chance or relief for doing so.

The Plaintiff/Applicant clearly believes he won the Hearing-Tribunals on the 2006 Applications and again on the most recent 2009 Applications with no disrespect to either of the Administrative Law Judge's, he has too protect his Civil Rights.

# APPLICABLE  LAWS

**MCL 338.43**  Sec.78 (1) The following criminal records shall not be used, examined, or requested by a licensing board or agency in a determination of good moral character when used as a requirement to establish or operate an organization or facility regulated by this state, or pursuant to _occupational_ or _professional_ _licensure_ :

(b) Records of a conviction which has been reversed or _vacated_, included the arrest records relevant to that conviction.

(2) A criminal record shall not be furnished to a licensing board or agency except by the principle department, and shall be furnished only after the _Director_ of the principle department or a person designated by the _Director_ has determined that the information to be provided to the board or agency meets the criteria set forth in this section.

## DOCTORINE OF CONTRA NON VALENTEM

The rule that a limitations or prescriptive period does not begin to run against a plaintiff who is unable to act, usually because of the defendants culpable act such as concealing material information that would give rise to the plaintiff's claim.

## TITLE II

Title II of the ADA applies to public agencies, including state and local governments.  It provides that people with disabilities cannot be discriminated against or excluded from the benefits of the services, _programs_, or _activities_ of a public entity because of disability.

The failure to make certain _programs_ and _activities_ accessible to disabled individuals can be considered _discrimination_, such as licensing, a person is a " _qualified individuals with a disability_" with respect to licensing or certification if he or she can meet the _essential eligibility requirements_ for receiving the license and/or certification.

Licensing programs often do require applicants to demonstrate specific skills, knowledge, and abilities.  Public Entities may not discriminate against _qualified individual with disabilities_ who apply for licenses, but may considered factors related to the disability in determining whether the individual is "_Qualified_".

Page 4

**STATE IMMUNITY**

*Section 35.178* restate the provision of section 504 of the Act that the State is not immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court for violations of the Act, and that the same remedies are available for any such violations of the Act, and that the same remedies are available for any such violations as are available in an action against an entity other than a State.

The Plaintiff/Applicant Desmond Girard Walters, hails from Flint Genesee County, Michigan and thus "*Venue*" is proper in the Federal District Court, Eastern District of Michigan.

I Desmond Walters the Plaintiff/Applicant state and allege on my own behalf the following:

# STATEMENT OF ALLEGATIONS

1. Plaintiff/Applicant alleges he has a valid Claim Count (1) under Title II of the ADA, the Defendants continuously keep discriminating against a "*qualified individual with disabilities*" with respect to *Licensing* ( i.e., a  Public Entities activity ) who has applied for licenses 9 different times over 16 years for an actual loss, against their on policies, laws an the *equal protection clause,* the Applicant asserts he meets the "*essential eligibility requirements*" he is a *Qualified* individual by holding a Bachelors Degree in Social Work from the University of Michigan @ Flint, the River Front Campus since April 27th, 1991.  In addition he holds an Advanced or Graduate Degree in Counseling from De Paul University @ Chicago, the Lincoln Park Campus since June 14th, 1997 .

Page 5

* Unfortunately, Plaintiff has a past *__record__* of *disabilities* including but not limited to drug

*__possession__* convictions, alcoholism, heart disease and **cancer**.  Plaintiff says he also has

physical impairments that do not substantially limit major life activities ( i.e., working and

licensing ), but is being *regarded as* if they do, as a way of compliance in recent years the

Plaintiff has even completed successfully 3 years of supervised Court-Ordered drug treatment

and having a *criminal __record__* is no barrier to Licensing.  Finally, the Defendants do not have

11th Amendment immunity for violations of the Act, 8th & 14th Amendments and or the

Constitution *Pursuant to Title II-2.1000 (2) & (3) ; Title II-2.2000 (1-3) ; Title II-2.3000 (3)*

*Title II-2.5000 (1) & (2) ; Title II-2.6000 (2) ; Title II-3.7200 ; Title II-3.5300 ;*

*Plaintiffs Exhibit  2 . [ Tr., pg. 74, lines 20-25 ; pg. 75, lines 1-7 ] .*


2. A *essential eligibility requirement* for obtaining a license to practice a health profession is

the ability to practice Social Work and Counseling safely and competently.  State Agency X

requires Applicants for licenses to practice a health profession to disclose whether they have

*__ever__* had any physical and mental disabilities.  * A much more rigorous investigation is

undertaken of applicants answering in the *affirmative* than of others.  This process violates

Title II because of the additional burdens placed on individuals with disabilities, and because

the disclosure requirement is not limited to conditions that *currently* impairs one's ability to

practice Social Work and Counseling *Pursuant to Title II-3.5300 ; Title II-3.7200 ;*

*Plaintiffs Exhibit 13 ; Plaintiffs Exhibits 11 ; Plaintiffs Exhibit  7 .*

Page 6

**3.** Applicant/Plaintiff contends that another prior denial on October 23rd , 1998 his second, on

page 2 of 5 & 6 of the current Intent to Denys was and is inappropriate and the Plaintiff

reports that the only issue that should have been before the Defendants are his qualifications

and moral character as they exist at that time or today *according to MCL 338.42* which is a

Claim Count (1) Retaliatory-Discrimination because the Defendants was actually offended by

the Plaintiff/Applicants *Letter* of opinion ( i.e., State's **Exhibit** L ) on the 3 misdemeanor

convictions on his record that he was told to give an explanation on.  Besides the Defendants

have some things the Plaintiff-Applicant wants, not the other way around therefore he would

not do or say anything to upset the Defendants intentionally.   That being said, on page 11

from the initial 'Proposal For Decision', Docket No. 2001-415 paragraph # 2 its clearly

stated by ALJ Renee A. Ozburn Quote: " *Unfortunately, Mr. Walters uncontrolled urge to*

*write a letter to the Board in 1997 , did nothing to enhance his position that he is*

*rehabilitated from 10 and 20 year old convictions*" , end quote.   Which is a violation of

the Constitution and or statute, the Defendants disregarded the Plaintiffs 1st Amendment

rights of 'Liberty of Speech' ( i.e., free speech ), and therefore discriminated by not issuing

a registration/license by law(s), *MCL 338.42, Sec. 2* and contrary to the Former Offenders

Act, for which the right was created while of no benefit to the Defendants, failure to

exercise sound judgement causes damage to the Former Offender based on his

characteristics as such and for the Defendants to not follow state laws that provide second

chances by way of licensing ex-offenders is discrimination and a violation of his Civil

Liberty Rights ***Pursuant to Title II-3.11000 (2)*** .

4. Plaintiff pleads he has been applying for a Michigan Occupational License for 16 years, 9

different applications, unfortunately the Plaintiff/Applicant had a criminal background in

the beginning of 3 misdemeanors, now the first two from 1980 and 1981 was youthful

transgressions and was already over 15 years old before he first applied, an having a criminal

**record** is no barrier to licensing. Therefore, he has been denied 9x's based solely on **one**

and the same misdemeanor "controlled substance" marijuana _possession_ conviction over the

last 16 years, from June 12th, 1992. Furthermore, a person who casually used drugs illegally

in the past but did not become addicted is not an individual with a disability based on the past

drug use. For a person to be _protected_ as a person with a disability, s/he must have an

addiction rather than been a casual drug user. * _Protected_ individuals include persons who

have successfully completed a supervised drug rehabilitation program or otherwise been

rehabilitated successfully and who are not engaged in current illegal use of drugs.

* Finally, a person who is erroneously **_regarded as_** engaging in current illegal use of drugs is

_protected_. The Plaintiff applied because he was _eligible_ and _qualified_, actually _over qualified_

for the Social Work Technician registration or he would not have applied all he needed to

maintain employment in his chosen profession at the time, in order to take care of his family.

As a result of the Defendants intentional infliction of emotional distress due to their extreme

and outrageous conduct of having the Applicant be 'regarded as' a current user of illegal

drugs and mandating him to go to _Rehabilitation_ without any legitimate and justifiable

reason and having damaged the Plaintiff by taking away the core of his life and all of his career

for sixteen years and is just now admitting it, in the 2009 Applications Final Denials dated

December 15th, 2011 ( i.e., received 12/22/2011 _without_ proof of service ) the day after the

Page 8

Plaintiff/Applicants Birthday and during the Christmas Holidays is conduct underlying this tort claim that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be *regarded as* atrocious and utterly intolerable in a civilized community. This is severe oppression to hold the Applicant in a precarious/dependant position without **_ever_** allowing him a chance to live his dream is clearly discrimination, because the Plaintiff/Applicant is what his **_record_** says he is and that's a ' *qualified* ' person with a history/ **_record_** of present and past disabilities and or is being *regarded as* such which is also **_protected_** under Title II of the ADA. ***Pursuant to Title II-2.3000 (3) ; Title II-2.6000 (1-3) ; Title II-2.1000 (2) ; Title II-2.2000 (1-3) ; Title II-2.5000 (1-2) ; Title II-2.8000 (1) ; Title II-3.11000 (2) ; Title II-3.7200 ; Plaintiffs Exhibits 2, 7, 8, & 11 ; State's Exhibit H***

5. The Plaintiff shall now prove what he has been saying all along with the documentary evidence in support from the beginning in 1996 thru to the present 2011 that all his Final Denials including the most recent two were based solely on his antiquated-old disability **record** of a misdemeanor "controlled substance" marijuana *possession* conviction that was over five years old when the final decision to deny him the registration/license was made. A person who casually used drugs illegally in the past but did not become addicted is not an individual with a disability based on the past drug use. * However, a person who is erroneously *regarded as* engaging in current illegal use of drugs is *protected* . Plaintiff reports that his then prior employer Community Recovery Services, Inc., had drug tested the Plaintiff previously that year for primarily Marijuana use with that test result being *negative* for all drugs that was available to them in the Defendants files, instead they utilized the drug

test to fabricate false evidence against the Plaintiff to deny him a Public Entities *activity* ( i.e., registration/licensure ) for Lack of Good Moral Character - <u>GMC</u> and no proof of <u>Rehabilitation</u> which was at best *<u>erroneously</u>* believing the Applicant was currently using illegal drugs, wilfully, maliciously and discriminately *Contrary to M.E.S.C Act 29 (1)(m)(iii) ; 7th Circuit Court case no. 09-91234 CZ , Exhibit X ; State's Exhibit H .* Therefore, the State Agencies decisions were not supported by competent, material and substantial evidence on the whole **record** and was made upon unlawful procedures resulting in material prejudice to the Plaintiff/Applicant ***Pursuant to Title II-2.3000 (3) & (4) ; Title II-2.6000 (1-3) ; Title II-2.2000 (1-3) ; Title II-3.7200 ; Title II-3.11000 (2) ; 14th Amendment 'equal protection clause' ; Plaintiffs Exhibits 7, 8 specifically page four , & 11 .***

6. Plaintiff also contends that he knows several women and men whom have at least a half dozen felonies and a dozen misdemeanor on their criminal **records** and they are License Master Social Workers they have been on illegal drugs, alcohol and have been to prison a/k/a correctional facilities and for the Defendants to deny this Applicant for over sixteen years is discrimination, because there is no reasonable explanation for this differential treatment between those you like and those you don't like. Plaintiff argues this is a violation of the '*equal protection clause*' and his fundamental rights or a suspect classification between the Plaintiff and others. Governmental action that affects substantial rights or make certain classifications necessitates the use of a heighten scrutiny test. Under this test, the burden is on those defending the discrimination to show that the legislation serves important governmental objectives and that the discriminatory means are substantially related

to achieving the objectives. ***Pursuant to Title II-2.1000 (3) ; Title II-2.2000 (1-3) ;***

***Title II-2.3000 (3)(4) ; Title II-2.5000 (1) ; Title II-2.6000 (1-3) : Title II-2.8000 (1) ;***

***Title II-3.7200 ; Title II-3.1100 (2) ; Plaintiffs Exhibits 7 , 8  pg. four , 13 ; State's***

***Exhibit  K .***

7. Plaintiff alleges the Defendants are responsible for a Claim Count (1) Retaliatory-

   Discrimination, when they reportedly sent false information to the National Practitioner

   Data Bank on January 20th, 2012 saying his application for a master social work license was

   denied.  Furthermore, stating the Applicant failed to meet the initial requirements of a

   license, which is all falsehoods/defamation.  The Plaintiff has never applied for a master

   social work license and his denials for licensure was based solely on a twenty-one year old

   misdemeanor 'controlled substance' marijuana *possession* from June 11th, 1992 , that is

   punishable by one year, and which was five years old when his original application for a

   social work technician registration was finally denied *contrary to Public Act No.299*

   *PA 339.602 of 1980, section 604 (d) which states:*  " *Commits or has committed a felony*

   *or a crime involving fraud or moral turpitude* within *the past* five years ", end quote.,

   on July 22nd, 1997 at the  BOARD OF EXAMINERS OF SOCIAL WORK  board meeting

   for Lack of Good Moral Character - GMC   and no proof of Rehabilitation , 16  years ago.

   *  A person who casually used drugs illegally in the past but did not become addicted is not

   an individual with a disability based on the past drug use.

Clearly, this is  DISCRIMINATION  based on the Plaintiff/Applicant **record** of casual use

of a illicit drug against his Civil Rights of a person whom was being ' *regarded as* ' a

current or recent user of a illegal drug in violation of Title II of the ADA.  ***Pursuant to Title***

***II-3.11000 (2) ; Title II-2.6000 (2) & (3) ; Title II-2.1000 (2) & (3) ; Title II-2.2000 (1-3) ;***

***Title II-2.5000 (1) & (2) ; Title II-2.8000 (1) ; Title II-3.5200 ; Title II-3.7200 ;***

***Title II- 3.9000 ; Plaintiffs Exhibit 10 ; Plaintiffs Exhibit 8 specifically page 4 .***

8.  Plaintiff argues he has several letters and board meeting minutes ( i.e., exhibit  8 ) wherein

the licensing division repeatedly are telling him to go to *rehabilitation* when they knew or

should have known they had no evidence of substance abuse or dependence, and the

Plaintiffs **record** of a marijuana *possession*  4 ½ years prior did not disqualify him for

registration or licensing.   Add to that, the cannabis conviction  *MCL 333.7403 (d)*  helps

( i.e., by being *'regarded as'* ) qualify the Applicant as an American with a Disability

( i.e., he was /is *protected*  whether he has an impairment or not ) and having a bachelors

degree in social work since 1991, at that time, and in applying for licensing initially in

December 1996  and being denied  9x's , well that's  DISCRIMINATION .

The American with Disabilities Act of 1990 under Title II , the ADA is a federal law that

prohibits *discrimination* against *qualified* individuals based on their past **record.**

The Plaintiff alleges he was  *over  qualified*  because he only was seeking a Social Work

Technician - SWT  registration/license *MCL 339.1604* while holding a bachelors in social

work for the Registered/Licensed Bachelor Social Work - RBSW/LBSW , *MCL 339.1605*

with all this being known and now said the Defendants are directly liable for a lawsuit for

actual or compensatory damages for any injuries suffered, including compensation for

Claim Count (2)  any *emotional distress* caused by the  DISCRIMINATION , punitive

damage or triple damages, restitution, retribution and any other relief and or reward for the

past 16 years.  ***Pursuant to Title II-2.6000 (2) & (3) ; Title II-2.1000 (2) & (3) ; Title II-***

***2.2000 (1-3) ; Title II-2.3000 (3) & (4) ; Title II-2.5000 (2) ; Title II-2.8000 (1) ;***

***Title II-3.5200 ; Title II-3.7200 ; Plaintiffs Exhibits  8 , 11 & 14  ;  MCL 339.916 (2) .***

9.    Plaintiff pleads the Federal District Court finds for the Applicant an will grant an award

for Civil Penalties of not less than 3 times the compensatory damages to substantiate relief

and or adequate recovery from the *'ongoing'* injury, loss and suffering caused by the

Defendants over the past sixteen years for *erroneously* being **'Regarded As'** , ***Pursuant to***

***The American with Disabilities Act of 1990 under Title II ; Title II-2.1000 (2) & (3) ;***

***Title II-2.5000 (1) & (2) ; Title II-2.6000 (2) & (3) ; Title II-2.3000 (3) & (4) .***

10.   At the Hearing held  March 22nd, 2011 , at  Docket Nos. 2011-238  &  2011-239

*Ms. Ann Ward-Fuchs: pg.74, line 22 ,  **Good afternoon**, **Mr. Walters***

*Mr. Walters: pg.74, line 23,  **Good afternoon Ms. Ward-Fuchs**,  **Ms. Ann** .*

*Ms. Ward-Fuchs: pg.74, line 24,  **Okay,  Are you currently working**  ?*

*Mr. Walters: pg.74, line 25,  **No.***

*Ms. Ward-Fuchs: pg.75, line 1 ,  **Okay,   And how do you support yourself**  ?*

*Mr. Walters: pg.75, lines 2-3,  **I am currently receiving Social Security Disability due to***

Page 13

*stage 4 colon cancer that was diagnosed in 2004* .

*Ms. Ward-Fuchs: pg.75, line 4,   **Okay,   And what's the status of that cancer** ?*

*Mr. Walters: pg.75, lines 5-6,   **The cancer is now in remission, it's been in remission for**
**six years**.*

*Ms. Ward-Fuchs: pg.75, line 7,   **Okay** .*

Title II protects individuals who have a **record** of a physical impairment, and those who are

*erroneously* **'regarded as'** having such an impairment, whether they have the impairment or

not.  The Defendants having reviewed the administrative record at a regularly scheduled

meeting according to their statements in both the 2011  FINAL DENIALS, the officially

signed documents and accepted  the Proposal For Decision denying  the Plaintiffs 2009

Applications based solely on the one and the same misdemeanor 'controlled substance'

marijuana *possession* conviction in the original FINAL DENIAL on the 1996 - 97

Application,  an that the Plaintiff did not submit any proof of <u>rehabilitation</u> with. *  A person

who casually used drugs illegally in the past but did <u>not</u> become addicted is <u>not</u> an individual

with a disability based on the past drug use. * At best, the Plaintiff is and was *erroneously*

diagnosed by being regarded as a current user of a illegal drug.

Secondly, since that time, he has completed 3 years of Court-Ordered supervised drug

treatment and monitoring and *two* other rehabilitation programs and has <u>not</u> used drugs

illegally for some years, which is also covered by the ADA.

Additionally, it is undisputed the Applicant has a history of Cancer, so either way the

Plaintiff is what his **record** says he is an that's a *qualified individual with past and present*

*disabilities.* Ain't nothing changed except the color of his hair. The Defendants still haven't

gotten any proof of current illegal use of drugs in 16 of the last 21 years. Numbers don't lie ,

people tell lies all the time. ***Pursuant to Title II-2.1000 (2) & (3) ; Title II-2.2000 (1-3) ;***

***Title II-2.3000 (3) & (4) ; Title II-2.5000 (1) & (2) ; Title II-2.8000 (1) ; Plaintiffs Exhibits***

***7 , 8 specifically page four , 11*** ; **State's Exhibit H ; State's Exhibit K .**

### THE END

# "PRAYER FOR RELIEF"

**WHEREFORE** Plaintiff is asking this Honorable Federal District Court for
substantial money damages in the amount of Five Million Dollars ( i.e., $5,000,000.oo )
from the Co-Defendants joint several civil liability and the Plaintiff/Applicant/Complainant
hopes the Court finds for the same damages or greater.

### VERIFYING STATEMENT

*I declare under penalty of perjury that the allegations in the Complaint are true.*

*Plaintiff-Applicant   Desmond G. Walters*

**Dated:** 5-3-2013

# PROOF OF SERVICE

I hereby state, to the best of my knowledge, information and belief, that a copy of the foregoing Summons and Complaint with exhibits/attachments was served upon all Parties and and or Attorneys of record in this matter by United States Postal Services by mailing same via certified mail return receipt requested, at their respective addresses on _____ day of May 2013.

_____

# PLAINTIFFS

# EXHIBITS

DCH/LSW-060 (03/06)

**Michigan Department of Community Health**
**Board of Social Workers**
P.O. Box 30670
Lansing, MI 48909
(517) 335-0918
www.michigan.gov/healthlicense

Page 1 of 2

## CERTIFICATION OF SOCIAL WORK EDUCATION
Authority: Public Act 368 of 1978, as amended
If this form is not completed, a license will not be issued.

**INSTRUCTIONS: Complete Section I.** Type or print your name exactly as it appears on your application. For completion of Section II, send this form to the Director of your education program or the Registrar of the institution in which you completed your course work or social work degree. **This certification must be submitted directly to the Michigan Board of Social Workers by your educational institution along with a final official transcript.**

## SECTION I - APPLICANT INFORMATION

| First Name | Middle Name | Last Name |
|---|---|---|
| Desmond | Girard | Walters |

| U.S. Social Security Number | Date of Birth |
|---|---|
| ■■■-■■-■■■■ | ■■-■■-■■ |

Street Address
1301 W. Stewart Avenue

City
Flint

| State | ZIP Code |
|---|---|
| Michigan | 48504-2279 |

| Name and Address of Educational Institution | Degree Awarded (if Applicable) |
|---|---|
| University of Michigan - Flint | Bachelor of Arts |

| Date of Admission | Date of Completion |
|---|---|
| Summer 1987 | April 1991 |

| Signature of Applicant | Date |
|---|---|
| Desmond G. Walters, MA, LPC, CAc | 10-6-06 |

**APPLICANT:** UPON COMPLETION OF SECTION I, SEND THIS FORM TO YOUR EDUCATIONAL INSTITUTION FOR COMPLETION OF SECTION II ON THE NEXT PAGE.

The Department of Community Health will not discriminate against any individual or group because of race, sex, religion, age, national origin, color, marital status, disability or political beliefs. If you need assistance with reading, writing, hearing, etc., under the Americans with Disabilities Act, you may make your needs known to this agency.

Plt. 2
Exh. 2

DCH/LSW-060 (03/06)

Name *Desmond Girard Walters*

## THIS SIDE TO BE COMPLETED BY THE EDUCATIONAL INSTITUTION

Please complete the following information. Return this completed certification along with a copy of the applicant's transcript directly to the Michigan Board of Social Workers at the address shown on the reverse side of this form.

## SECTION II - CERTIFICATION OF EDUCATION FOR SOCIAL WORK

Name of Educational Institution

*University of Michigan - Flint*

I certify that _*Desmond Walters*_ attended the
(Applicant's Name)

educational institution named above from _*Sep, 1987*_ to _*May 1, 1991*_ was granted
(Month/Day/Year)                              (Month/Day/Year)

the following degree and/or completed the course work as checked below:

☐    Master's degree in Social Work granted on _____
(Month/Day/Year)

☑    Bachelor's degree in Social Work granted on _*May 1, 1991*_
*Social Work Program*                              (Month/Day/Year)
*accredited in 1998*

☐    Associate degree in Social Work granted on _____
(Month/Day/Year)

   ☐    This degree included at least 18 semester or 27 quarter hours of social work courses

   ☐    This degree included a field placement or internship of 350 hours of experience under the supervision of a
        licensed bachelor's or master's Social Worker.

☐    Two years of college education in an accredited college or university with the completion of at least 60 semester or
     90 quarter hours.

   ☐    This course work included at least 4 courses relevant to human service needs.

*Charles M. Bailey*                              *10-24-07*
Signature of Program Director                    Date

*Social Work Program*
Print or Type Name of Program                    (SEAL)

                                                 If school has no seal, please indicate

Plt. 2
Exh. 2

# The University of Michigan

to all who may read these letters, Greetings:

Hereby it is certified that upon the recommendation of

## The University of Michigan-Flint

The Regents of The University of Michigan have conferred upon

### Desmond Girard Walkers

in recognition of the satisfactory fulfillment of the prescribed requirements the degree of

## Bachelor of Arts

with all the rights, privileges, and honors thereto pertaining here and elsewhere.

Dated at Flint, Michigan this twenty-seventh day of April, nineteen hundred and ninety-one

_President_

_Secretary_

_Chancellor_

Plt.
Exh. 2-3

# DePaul University

## To all to whom these presents may come, Greeting:

### Be it Known that

### Desmond Walters

the Board of Trustees on the nomination and approval of the Faculty do hereby confer upon

who has satisfactorily completed the required course of study appropriate for this distinction the degree of

## Master of Arts

together with all the rights, privileges and honors which appertain thereto.

In Witness Whereof the President of the University and the Secretary of the Board of Trustees have hereunto set their hands and affixed the seal of the University at Chicago, Illinois, June 14, 1997.

_Secretary_

_Dean_



_Rev. John Minogue, C.M._
_President_

Plt.
Exh. 2-4

# Illinois Department of Financial and Professional Regulation

### Division of Professional Regulation

**PAT QUINN**
Governor

**MICHAEL T. MCRAITH**
Acting Secretary

**DANIEL E. BLUTHARDT**
Director
Division of Professional Regulation

## CERTIFICATION OF LICENSURE

DESMOND G WALTERS
1301 W STEWART AVE
FLINT, MI  48504

| | |
|---|---|
| Licensee: | DESMOND G WALTERS |
| License Number: | 178.002216 |
| Profession: | LICENSED PROFESSIONAL COUNSELOR |
| Date of Issuance: | 04/08/2002 |
| Expiration Date: | 03/31/2011 |
| License Status: | ACTIVE |
| License Method: | LIC BY EXAM |
| Disciplinary History: | Has not been disciplined |

This document is a certified copy of the records maintained and kept by this Department in the regular course of business as of today's date.

Daniel E. Bluthardt
Director
Division of Professional Regulation

April 28, 2009
Date

Refer to the Department's Web Site at www.idfpr.com to verify professional licenses via License Look-Up.

Plt.
Exh.
2-5

Please contact the *Division of Professional Regulation, Licensure Maintenance Unit,* at 217-782-0458 if you have any questions.

Lc2-certificationoflicense.rtf              www.idfpr.com



**State of Illinois**
Department of Financial and Professional Regulation
Division of Professional Regulation

LICENSE NO.
178.002216

The person, firm or corporation whose name appears on this certificate has complied with the provisions of the Illinois Statutes and/or rules and regulations and is hereby authorized to engage in the activity as indicated below.

EXPIRES:
03/31/2013

**LICENSED
PROFESSIONAL COUNSELOR**

DESMOND G WALTERS
1301 W STEWART AVE
FLINT, MI 48504

BRENT E. ADAMS
SECRETARY

DONALD W. SEASOCK
ACTING DIRECTOR

The official status of this license can be verified at www.idfpr.com

5628215



State of Illinois
Department of Financial and Professional Regulation
Division of Professional Regulation

LICENSE NO.
178.002216

**LICENSED
PROFESSIONAL COUNSELOR**

DESMOND G WALTERS

EXPIRES:
03/31/2015

MANUEL FLORES
ACTING SECRETARY

JAY STEWART
DIRECTOR

The official status of this license can be verified at www.idfpr.com

7700223

Plt.
Exh.
2-6



**STATE OF MICHIGAN**
**DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS**
**BUREAU OF HEALTH PROFESSIONS**
**BOARD OF SOCIAL WORK**

In the Matter of the
Application for Licensure of

**DESMOND GIRARD WALTERS**

**File Number:  68-09-114009**
**Docket Number:  2011-239**

## FINAL ORDER DENYING LICENSURE

On or about March 3, 2009, Desmond Girard Walters, hereafter Petitioner, filed with the Michigan Board of Social Work, hereafter Board, an application for a bachelor's social work license.

On October 15, 2009, the Department of Licensing and Regulatory Affairs, Bureau of Health Professions, hereafter Department, filed a Notice of Intent to Deny Application for Licensure, charging Petitioner with having violated sections 16221(a), 16221(b)(vi), 16221(b)(xi), and 16221(l) of the Public Health Code, 1978 PA 368, as amended; MCL 333.1101 et seq.

An administrative hearing was held in the matter before an administrative law judge, who, on August 26, 2011, issued a Proposal for Decision setting forth recommended findings of fact and conclusions of law.

The Board, having reviewed the administrative record, considered the within matter at a regularly scheduled meeting held in Lansing, Michigan, on November

1

22, 2011, and accepted the administrative law judge's findings of fact and conclusions of law contained in the Proposal for Decision.  Now therefore,

IT IS HEREBY ORDERED that Petitioner's application for licensure is DENIED.

IT IS FURTHER ORDERED that this Order shall be effective on the date signed by the Board's Chairperson or authorized representative, as set forth below.

Dated: __12/15/2011_____

**MICHIGAN BOARD OF SOCIAL WORK**

By _Rae Ramsdell_____

Rae Ramsdell, Director
Bureau of Health Professions

This is the last and final page of a Final Order Denying Licensure in the matter of Desmond Girard Walters, File Number 68-09-114009, Docket Number 2011-239, before the Michigan Board of Social Work, consisting of two pages, this page included.

db

Plt. Exh. 7



LPC
Recivd
12-22-2011

# STATE OF MICHIGAN
## DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
## BUREAU OF HEALTH PROFESSIONS
## BOARD OF COUNSELING

In the Matter of the
Application for Licensure of

**DESMOND GIRARD WALTERS**

**File Number: 64-09-112286**
**Docket Number: 2011-238**

### FINAL ORDER DENYING LICENSURE

On or about March 3, 2009, Desmond Girard Walters, hereafter Petitioner, filed with the Michigan Board of Counseling, hereafter Board, an application for licensure as a licensed professional counselor.

On July 14, 2009, the Department of Licensing and Regulatory Affairs, Bureau of Health Professions, hereafter Department, filed a <u>Notice of Intent to Deny Application for Licensure</u>, charging Petitioner with having violated sections 16221(a), 16221(b)(vi), 16221(b)(xi), and 16221(l) of the Public Health Code, 1978 PA 368, as amended; MCL 333.1101 <u>et seq</u>.

An administrative hearing was held in the matter before an administrative law judge, who, on August 26, 2011, issued a <u>Proposal for Decision</u> setting forth recommended findings of fact and conclusions of law.

1

On or about September 9, 2011, Petitioner filed <u>Petitioner's Proposed Exceptions</u> to the <u>Proposal for Decision</u>.

The Board, having reviewed the administrative record, considered the within matter at a regularly scheduled meeting held in Lansing, Michigan, on December 2, 2011, and accepted the administrative law judge's findings of fact and conclusions of law contained in the <u>Proposal for Decision</u>.  Now therefore,

IT IS HEREBY ORDERED that Petitioner's application for licensure is DENIED.

IT IS FURTHER ORDERED that this Order shall be effective on the date signed by the Board's Chairperson or authorized representative, as set forth below.

Dated:  <u>12/15/2011</u>

**MICHIGAN BOARD OF COUNSELING**

By  <u>Rae Ramsdell</u>
Rae Ramsdell, Director
Bureau of Health Professions

This is the last and final page of a <u>Final Order Denying Licensure</u> in the matter of Desmond Girard Walters, File Number 64-09-112286, Docket Number 2011-238, before the Michigan Board of Counseling, consisting of two pages, this page included.
kp



MESC 1302 ## MICHIGAN EMPLOYMENT SECURITY COMMISSION

PO 865    5402 CLIO RD.              FLINT           MI  48504    0

### NOTICE OF DETERMINATION

FOR CLAIM OF:  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                    INVOLVED EMPLOYER:  1026764 000
WALTERS          DESMOND                      COMMUNITY RECOVERY SERVS INC
1301 W STEWART AVE                            119 NORTH GRAND TRAVERSE
FLINT MI  48504-2279                          FLINT MI  48503-5620

FILED:  04/09/96              BYB:  04/14/96

YOU WERE TERMINATED ON 4-4-96.  YOUR EMPLOYER REQUESTED THAT YOU SUBMIT TO
A DRUG TEST ON 4-1-96 WHICH YOU DID.  THE RESULTS OF THE DRUG TEST SEEM TO
BE SOMEWHAT CONFLICTING, AS THREE TEST RESULTS WERE TURNED IN.  TWO SHOW
NEGATIVE AND THE THIRD ONE SHOWS POSITIVE.  YOU HAD ANOTHER TEST DONE ON
4-5-96 WHICH WAS NEGATIVE ALSO.  YOU DENY ANY USE OF DRUGS.  BASED ON THE
AVAILABLE INFORMATION:

IT IS FOUND THAT YOU WERE NOT DISCHARGED FOR TESTING POSITIVE ON A DRUG TEST.
YOU ARE NOT DISQUALIFIED FOR BENEFITS UNDER SEC. 29(1)(M) OF THE MES ACT.




IF YOU DISAGREE WITH THIS (RE)DETERMINATION, REFER TO "PROTEST/APPEAL RIGHTS" ON THE REVERSE SIDE OF THIS FORM.

CLAIMS EXAMINER:        STAMBERSKY        J        A
DATE NOTICE WAS MAILED OR PERSONALLY SERVED:

MESC 1302     **MICHIGAN EMPLOYMENT SECURITY COMMISSION**

BO 063    5402 CLIO RD.                          FLINT          MI   48504    0

NOTICE OF REDETERMINATION OF A DETERMINATION

FOR CLAIM OF:   ███-██-████          INVOLVED EMPLOYER:   1028784 000
WALTERS          DESMOND             COMMUNITY RECOVERY SERVS INC
1301 W STEWART AVE                   119 NORTH GRAND TRAVERSE
FLINT MI  48504-2279                 FLINT MI  48503-5620

FILED:  04/09/96          BYB:  04/14/96

YOUR EMPLOYER REQUESTED A TIMELY REDETERMINATION STATING YOU WERE TERMINATED
BECAUSE YOUR DRUG SCREENING CAME BACK POSITIVE. HOWEVER, IT HAS NOT BEEN
CLEARLY ESTABLISHED YOUR TESTS PROVED YOU HAD TAKEN DRUGS. IT IS
REDETERMINED, YOUR SEPARATION WAS FOR REASONS OTHER THEN DRUG ABUSE.
THEREFORE, THE DETERMINATION ISSUED 5-9-96 IS HEREBY AFFIRMED.

IT IS FOUND THAT YOU WERE NOT DISCHARGED FOR TESTING POSITIVE ON A DRUG TEST.
YOU ARE NOT DISQUALIFIED FOR BENEFITS UNDER SEC. 29(1)(M) OF THE MES ACT.



**State of Michigan**
John Engler, Governor

**Department of Consumer & Industry Services**
Kathleen M. Wilbur, Director

Office of Commercial Services

**Board of Examiners of Social Workers**
P.O. Box 30018
Lansing, Michigan 48909-7518
Telephone: 517-241-9245
TDD: 1-800-649-3777



July 3, 1997

Desmond G. Walters
1301 W. Stewart Avenue
Flint, MI 48504-2279

Dear Mr. Walters:

On April 17, 1997, you wrote to our office asking that the Denial of your application for registration as a social worker be deferred until the Board's July 22 meeting to allow you to submit information concerning why you should be granted registration. To date, however, you have not submitted anything concerning your appeal. Please be advised that unless you submit information relative to your rehabilitation and ability to serve the public in a fair, honest and open manner by July 14, 1997, your application will be considered null and void and your application fee forfeited.

Your cooperation is greatly appreciated.

Sincerely,

Suzanne U. Jolicoeur
Licensing Administrator

Plt. 8-3
Exh.

Board of Examiners of Social Work
Board Minutes - July 22, 1997
Page 6

Mr. Gust moved to uphold the Department's denial; Mr. Lyberg seconded the motion; the motion passed unanimously. Ms. Keene stated that the Department concurred with the Board's decision.

## GMC

### A. Desmond G. Walters
Ms. Keene informed the Board that Mr. Walters was denied registration as a social work technician for lack of good moral character. Mr. Walters was convicted of possession of a controlled substance, soliciting a prostitute and misuse of animals. Mr. Walters submitted a letter explaining his position on each conviction, but did not submit any proof of his rehabilitation.

Mr. Gust moved to uphold the Department's denial; Ms. Pruitt seconded the motion; the motion passed unanimously. Ms. Keene stated that the Department concurred with the Board's decision.

## OLD BUSINESS

### A. Rachel Green
Ms. Green's application was deferred from the May meeting, pending receipt of a copy of her Discharge from Probation. To date nothing has been received. Action will be deferred until the next board meeting (September 16, 1997) to provide Ms. Green more time to collect the needed documents.

## ELECTION OF OFFICERS

Mr. Gust moved and Mr. Cronstrom seconded a motion to reelect Linda Cunningham as chairperson and Lisa Pruitt as vice chairperson. The motion passed by acclamation.

## STAFF REPORTS

Both Ms. Keene and Ms. Pruitt reported on information they had received from social work boards in other states regarding how examinations are administered in their states. Ms. Pruitt will do further research regarding what the responsibilities of the board are and what the responsibilities of a contractual exam administrator are.

Mr. Lyberg moved and Ms. Pruitt seconded a motion to request the Department to pursue legislation requiring an examination for social worker and certified social worker registration. The motion passed with Mr. Gust voting "no". The board members agreed that the "basic" exam should be used for social worker registration and the "advanced" exam for certified social worker registration. No changes were recommended for social work technician registration.

Ms. Keene will address the students in the Social Work Program at Wayne State University on November 6, 1997.

TRUE COPY

State of Michigan
John Engler, Governor

Department of Consumer & Industry Services
Kathleen M. Wilbur, Director

Office of Commercial Services

Board of Examiners of Social Workers
P. O. Box 30018
Lansing, MI 48909
Telephone:517-241-9245
www.cis.state.mi.us/ocs



January 27, 1999

DESMOND WALTERS
1301 W STEWART AVE
FLINT MI 48504-2279

Dear Mr. Walters:

The Michigan Board of Examiners of Social Workers, at its January 26, 1999 meeting, upheld the denial of your application for Good Moral Character because you have failed to show rehabilitation.  The Department concurred with the Board's decision.

We regret that we cannot be of further assistance at this time.

Sincerely,

Sarah J. Rock
Secretary
Board of Examiners of Social Workers

sjr

December 27, 1996
Page 1

To: State of Michigan - SWK
    Department of Commerce
    Bureau of Occupational & Professional Regulation
    Commercial Licensing Division

Re: Conviction History

Greetings,I Desmond G. Walters take up my pen to respond
to a request for information concerning convictions for which
I was charged and the dispositions.

First,I would like to say that I have been arrested well over
a dozen times to date for crimes I didn,t commit ,of course
(smile). I feel as though I was a victim of my environment.

Secondly,the three convictions for which I was charged they
all were misdemeanors,not to discount them or anything I still
feel terrible for what I did and today I can gladly say that
that lifestyle is behind me now.

I was convicted the first time at age 17½ or 18 for "Soliciting"
a female police officer for relations in Flint,Mi.,67th District
Court the County of Genesee. The disposition was a court
appearance and a $100.00 fine.

The second offense was "Cruelty to Animals" when I was 19 years
old I was caught fighting American Pit Bull Terriers,typically
a aggressive breed of dogs which I owned a kennel of and sold
for profits. The penalty was the lethal gasing of two of my
dogs which was involved,I only lost one dog because I refused
the courts ruling and I was then sentenced to a fine and six
months in jail,which my lawyer plea bargained down to 90 days
in jail,I did 45 days as a inmate trustee and was awarded day
for day and released with one year probation which I completed
successfully.



Lastly,I was convicted of "Possession of Marijuana" most
recentlyin 1992 leaving Chicago on my way to Flint,just across
the Michigan State Line I was pull-over for speeding in Benton
HarborSt.Joseph,Berrien County,88th or 87th District Court I
had approximately 3 grams of weed or two $10.00 bags,one sealed
and one with some reefer rolled into joints or cigarettees
with some lose pot on a tray along with a six pack of beer.

Page 2

The disposition was a $400.00  fine and I was released on a own recognizance bond.

The above is the extent of my criminal past and future, hopefully.

Sincerely,

*Desmond G. Walters*

Desmond G. Walters, M.A. (Candidate)
Social Welfare Worker

Plt.8-6
Exh.

# Michigan Certification
## Board for Addiction Professionals

This certifies that

# Desmond Girard Walters

has met the requirements for the

## CAC-I
## CERTIFIED ADDICTIONS COUNSELOR-LEVEL I

as established by the

*Michigan Certification Board for Addiction Professionals*

Effective on this **Ninth** day of **September, 1997**

To expire on the **Ninth** day of **September, 1999**

Certificate Number
1-03386

Michigan Certification Board for Addiction Professionals

PENGAD-Bayonne, N. J.

PETITIONER'S
EXHIBIT
B

Plt. 81
Exh.

STATE OF MICHIGAN
DEPARTMENT OF CONSUMER & INDUSTRY SERVICES
OFFICE OF COMMERCIAL SERVICES

In The Matter Of:

DESMOND G. WALTERS
1301 W. Stewart Avenue
Flint, MI 48504-2279

NOTICE OF DENIAL OF AN APPLICATION FOR

SOCIAL WORK TECHNICIAN LICENSE

NOTICE is herewith given that the Department of Consumer & Industry Services, Office of

Commercial Services, (hereafter "Department"), pursuant to the Occupational Code, 1980 PA 299, as

amended, MCL 339.101 *et seq.*, MSA 18.425(101) *et seq.*, (hereafter "Code"), and the Former

Offenders Act, 1974 PA 381, as amended, MCL 338.41 *et seq.* has determined that the applicant is

unqualified for the license or registration requested for lack of good moral character within the

meaning of the Former Offenders Act. Accordingly, the APPLICATION FOR LICENSURE OR

REGISTRATION IS HEREBY DENIED. The basis for the denial is as follows:

1.  Certified copies of the Criminal Records (exhibit 1) for Case No. 80-1955

    from the Sixty Eighth Judicial Circuit Court, Flint, Michigan, establish that

    Applicant pled guilty to the offense of Solicit Prostitution on or about August

    9, 1980. Applicant was sentenced to thirty (30) days in jail; pay $180.00

    (One Hundred Eighty Dollars) fines and cost.

2.  Certified copies of the Criminal Records (exhibit 2) for Case No. 81-914-FY

    from the Sixty Eighth Judicial District Court, Flint, Michigan, establish that

    Applicant pled guilty to the offense of Conspiracy to Commit Cruelty to Dogs

Page 1 of 4



EXHIBIT

on or about July 27, 1981. Applicant was sentenced to twelve (12) months probation.

3.   Certified copies of the Criminal Records (exhibit 3) for Case No. 92-104284 from the Fifth Judicial District Court, St. Joseph, Michigan, establish that Applicant pled guilty to the offense of Controlled Substance-Possession of Marijuana on or about June 12, 1992. Applicant was sentenced to pay $245.00 (Two Hundred Forty Five Dollars) fines/costs, or alternate twenty four (24) days in jail. On or about October 22, 1996, Applicant pled guilty to Time Pay Violation and was sentenced to pay $100.00 fines/costs, or alternate ten (10) days in jail.

4.   Certified copies of the Criminal Records (exhibit 4) for Case No. CTB95-343 from the Sixty Seventh Judicial District Court, Flint, Michigan, establish that Applicant pled guilty to the offense of No License In Possession on or about November 9, 1995. Applicant was sentenced to pay $100.00 (One Hundred Dollars) fine; $21.00 (Twenty One Dollars) costs; $9.00 (Nine Dollars) judgement fee, or serve five (5) days in jail.

5.   On March 24, 1997, the State of Michigan, Department of Consumer & Industry Services denied application for a Social Worker Registration (exhibit 5). On July 15, 1997, Applicant submitted an appeal for petition to review the denial for Social Worker Registration. The Board upheld the denial.

The instant denial of a license or registration for lack of good moral character shall not operate as a bar to denial of said application for other reasons if it should be subsequently determined that the applicant is otherwise unqualified. THE APPLICANT IS HEREBY NOTIFIED that in the event the

Page 2 of 4

Department determines that the applicant is unqualified for reasons other than lack of good moral character, the applicant will be notified by way of separate and different "NOTICE OF DENIAL."

YOU ARE HEREBY NOTIFIED that in the event you have relevant evidence of qualification not previously considered by the Department, you may, within thirty (30) days of the date of mailing of this "NOTICE OF DENIAL," pursuant to Sections 515 and 516 of the Code file a written petition with the Department and the Board of Examiners of Social Workers setting forth those reasons why the Social Work Technician License should be issued.   Said petition may rebut the evidence set forth in paragraph(s) 1, 2, 3, 4 and 5 above by showing that at the current time the applicant has the ability to, and is likely to, serve the public in a fair, honest, and open manner, that the applicant has been rehabilitated, or that the substance(s) of the former offense(s) is/are not reasonably related to the practice of a Social Work Technician.   Said petition may be accompanied by a brief summary of the incident(s) which led to the conviction(s) and the factors surrounding the incident(s); business/personal references; a report from the applicant's rehabilitation specialist, if any, indicating the possibility of similar future incidents; a current report from the  applicant's parole/probation officer, if pertinent; etc.

IF SUCH A PETITION IS TIMELY FILED, the Department and the Board of Examiners of Social Workers will reconsider the application  in view of  the reasons set forth in the petition.

THERE WILL BE NO ADMINISTRATIVE HEARING HELD IN THE CONDUCT OF THIS REVIEW AND, THEREFORE, IT IS IMPORTANT THAT THE PETITION COMPLETELY DETAIL THE REASONS WHY THE APPLICANT SHOULD BE GRANTED A SOCIAL WORKER TECHNICIAN LICENSE.

UPON COMPLETION OF THE REVIEW, THE APPLICANT SHALL BE NOTIFIED OF THE DECISION IN WRITING.

EXHIBIT  B  page  3  of  22

THE APPLICANT IS FURTHER NOTIFIED that this NOTICE OF DENIAL is considered

FINAL as of the DATE OF MAILING unless a petition for review is received within thirty (30) days

from the DATE OF MAILING.

MICHIGAN DEPARTMENT OF CONSUMER &
INDUSTRY SERVICES
Kathleen M. Wilbur, Director

By: _____

James H. Montgomery, Director
Enforcement Division
Office of Commercial Services

DATED: _____10/23/98_____

Written Petition to the Board Should be Addressed To:
Department of Consumer & Industry Services
Board of Examiners of Social Workers
P.O. Box 30018
Lansing, Michigan  48909

Pet. B·10
Exh.

Page 4 of 4

EXHIBIT _B_ page _4_ of _22_

*the* **DataBank**

P.O. Box 10832
Chantilly, VA 20153-0832

http://www.npdb-hipdb.hrsa.gov

*Rec'd 1-25-2012*

DCN: 5500000072781590
Process Date: 01/20/2012
Page: 1 of 2

WALTERS, DESMOND GIRARD

# SENSITIVE INFORMATION ENCLOSED

**To:** WALTERS, DESMOND GIRARD

1301 WEST STEWART AVENUE

FLINT, MI 48504-2279

**From:** The National Practitioner Data Bank and The Healthcare Integrity and Protection Data Bank
**Re:** Notification of a Report in the Data Bank(s)

This notice is to inform you that the enclosed report of an action taken against you was recently submitted to the National Practitioner Data Bank (NPDB) and the Healthcare Integrity and Protection Data Bank (HIPDB).

**What are the NPDB and the HIPDB?** The NPDB and the HIPDB are two separate Data banks operated by the U.S. Department of Health and Human Services.

**The NPDB.** Title IV of Public Law 99-660, the Health Care Quality Improvement Act of 1986, as amended, established the NPDB. Title IV mandates that information on certain adverse licensure, clinical privileges, and professional society membership actions taken against physicians and dentists and information on medical malpractice payments made for the benefit of a health care practitioner be reported to the NPDB. Information on exclusions from the Medicare/Medicaid programs is also reported to the NPDB under separate authority. Hospitals and other health care entities, and state practitioner licensing boards are authorized to query the NPDB under Title IV.

Section 1921 of the Social Security Act, as amended by the Omnibus Budget Reconciliation act of 1990, expanded the NPDB to include new types of adverse actions and allowed new entities access to Section 1921 information. Section 1921 mandates that information on adverse licensure actions and negative actions or findings that a State licensing authority, peer review organization, or private accreditation organization has concluded against a health care practitioner or entity be reported to the NPDB. Hospitals and other health care entities, State practitioner and entity licensing agencies, Federal and State government health care programs, law enforcement agencies and quality improvement organizations under contract with the Medicare program are authorized to query the NPDB under Section 1921.

**The HIPDB.** Section 1128E of the Social Security Act as added by Section 221(a) of the Health Insurance Portability and Accountability Act of 1996, established the HIPDB. Section 1128E mandates that information on certain final adverse actions (e.g., licensure, civil judgment and criminal convictions related to health care, exclusions from Federal or State health care programs and certain other adjudicated actions and decisions) taken against health care practitioners, providers and suppliers be reported to the HIPDB. Federal and State government agencies and health plans are authorized to query the HIPDB.

**Confidentiality.**

All information in the NPDB and the HIPDB is considered confidential and is disclosed only to legally authorized queriers for specified uses. Disclosure or use of confidential information for other purposes is a violation of Federal law. Health care practitioners, providers and suppliers may query the Data Banks about themselves (self-query) and may share their self-query results with anyone they choose. Information in the Data Banks is NOT available to the public.

**What does the report mean to you?**

*Plt. 10 Exh.*

*the* **DataBank**

P.O. Box 10832
Chantilly, VA 20153-0832

http://www.npdb-hipdb.hrsa.gov

| DCN: 5500000072781590 |
|---|
| Process Date: 01/20/2012 |
| Page: 2   of   2 |
| WALTERS, DESMOND GIRARD |

---

**C. INFORMATION REPORTED**

Type of Adverse Action: STATE LICENSURE

Basis for Action: FAILURE TO MEET THE INITIAL REQUIREMENTS OF A LICENSE (A1)

Name of Agency or Program That Took the Adverse Action Specified in This Report: STATE OF MICHIGAN/BUREAU OF HEALTH PROF.

Adverse Action Classification Code(s): DENIAL OF LICENSE RENEWAL (1148)

Date Action Was Taken: 12/15/2011

Date Action Became Effective: 12/15/2011

Length of Action: INDEFINITE

Total Amount of Monetary Penalty, Assessment and/or Restitution:

Is Subject Automatically Reinstated After Adverse Action Period Is Completed?: NO

Description of Subject's Act(s) or Omission(s) or Other Reasons for Action(s) Taken and Description of Action(s) Taken by Reporting Entity: Mr. Walter's application for license of a licensed master's social worker in the state of Michigan was denied.

☐ Subject identified in Section B has appealed the reported adverse action.

---

**D. SUBJECT STATEMENT**

If the subject identified in Section B of this report has submitted a statement, it appears in this section.

---

**E. REPORT STATUS**

Unless a box below is checked, the subject of this report identified in Section B has not contested this report.

☐ If box is checked, this report has been disputed by the subject identified in Section B.

☐ If box is checked, at the request of the subject identified in Section B, this report is being reviewed by the Secretary of the U.S. Department of Health and Human Services to determine its accuracy and/or whether it complies with reporting requirements. No decision has been reached.

☐ If box is checked, at the request of the subject identified in Section B, this report was reviewed by the Secretary of the U.S. Department of Health and Human Services. The Secretary's decision is shown below:

Date of Original Submission:     01/20/2012

Date of Most Recent Change:     01/20/2012

--- **END OF REPORT** ---

*Plt. 10-γ*
*Exh.*

*the* **DataBank**

P.O. Box 10832
Chantilly, VA 20153-0832

http://www.npdb-hipdb.hrsa.gov

| |
|---|
| DCN: 5500000072781590 |
| Process Date: 01/20/2012 |
| Page: 1    of    2 |
| WALTERS, DESMOND GIRARD |

# ADVERSE ACTION REPORT

### STATE LICENSURE ACTION

### Report Number: 5500000072781590

### This report is maintained under the provisions of:

| ☐ Title IV (NPDB) | X Section 1921 (NPDB) | X Section 1128E (HIPDB) |
|---|---|---|

The information contained in this report is maintained by the National Practitioner Data Bank for restricted use under the provisions of Section 1921 of the Social Security Act, and 45 CFR Part 60. This report also is maintained in the Healthcare Integrity and Protection Data Bank, for restricted use under the provisions of Section 1128E of the Social Security Act, and 45 CFR Part 61. All information is confidential and may be used only for the purpose for which it was disclosed. Disclosure or use of confidential information for other purposes is a violation of Federal law. For additional information or clarification, contact the reporting entity identified in Section A.

| **A. REPORTING ENTITY** | | |
|---|---|---|
| | Entity Name: | STATE OF MICHIGAN/BUREAU OF HEALTH PROF. |
| | Address: | 611 W. OTTAWA, P.O. BOX 30670 |
| | City, State, Zip: | LANSING, MI 48909 |
| | Country: | |
| | Name of Office: | HEALTH REGULATORY DIVISION/PAMELA MILLBE |
| | Title or Department: | BUREAU OF HEALTH PROFESSIONS |
| | Telephone: | (517) 373-4972 |
| | Entity Internal Report Reference: | |
| | Type of Report: | INITIAL |

| **B. SUBJECT IDENTIFICATION INFORMATION (INDIVIDUAL)** | | |
|---|---|---|
| | Subject Name: | WALTERS, DESMOND GIRARD |
| | Other Name(s) Used: | |
| | Gender: | MALE |
| | Date of Birth: | **/**/**** |
| | Organization Name: | |
| | Work Address: | |
| | City, State, ZIP: | |
| | Organization Type: | |
| | Home Address: | 1301 WEST STEWART AVENUE |
| | City, State, ZIP: | FLINT, MI 48504-2279 |
| | Deceased: | NO |
| | Federal Employer Identification Numbers (FEIN): | |
| | Social Security Numbers (SSN): | ***-**-**** |
| | Individual Taxpayer Identification Numbers (ITIN): | |
| | National Provider Identifiers (NPI): | |
| | Professional School(s) & Year(s) of Graduation: | DEPAUL UNIVERSITY (1997) |
| | Occupation/Field of Licensure (Code): | SOCIAL WORKER (300) |
| | State License Number, State of Licensure: | NO LICENSE, MI |
| | Drug Enforcement Administration (DEA) Numbers: | |
| | Unique Physician Identification Numbers (UPIN): | |
| | Name(s) of Health Care Entity (Entities) With Which Subject Is Affiliated or Associated (Inclusion Does Not Imply Complicity in the Reported Action.): | |
| | Business Address of Affiliate: | |
| | City, State, ZIP: | |
| | Nature of Relationship(s): | |

Plt. 10.3
Exh.

Original Complaint
Warrant - Court

2nd Complaint copy - Prosecu
3rd Complaint copy - Defendar

Approved, SCAO 92S03409/00 463

| STATE OF MICHIGAN 5TH JUDICIAL DISTRICT | COMPLAINT MISDEMEANOR | CASE NO. 92A042845 92S03409 |
|---|---|---|

ORI MI- 110025J    Court address: ...rt St., St. Joseph, MI    110015J    Court telephone 983-1941

| THE PEOPLE OF ☐ The State of Michigan ☐ ___ v | Defendant's name and address DESMOND GIRARD WALTERS 7654 S LOOMIS BLVD CHICAGO, IL 60620 | Victim or complainant |
|---|---|---|
| | | Complaining witness JEFF MOORE |
| Co-defendant(s) | | Date: On or about 06/11/92 |

| City/Twp/Village I-94 LAKE TWP | County in Michigan BERRIEN | Defendant CTN 11-92-200098-01 | Defendant SID | Defendant DO 12/14/ |
|---|---|---|---|---|
| Police agency report no. MSP57 92-1217 | Charge CT 1) CONT SUBS-POSS MARIJUANA | | Maximum penalty (A) | |
| Witnesses Tpr Joe Zangaro          Drug Lab Rep | | | Defendant OLN | |

STATE OF MICHIGAN, COUNTY OF _____ BERRIEN _____

The complaining witness says that on the date and at the location described, the defendant, contrary to law,

did knowingly and intentionally possess the controlled substance MARIJUANA; Contrary to Sec. 333.7403(2)(d); MSA 14.15 (7403)(2)(d). [333.7403(D)]

MISDEMEANOR:  1 year and/or $1,000.00.

92 JUN 12

03 51

STATE OF MICHIGAN
DISTRICT COURT FOR COUNTY OF BERRIEN
I certify that I have compared this copy with the origina ...le in
this court & that it ... of the whole of suc  original

___ - 3 1997

SUSAN B. GRECO
By _____
Deputy Clerk

Plt. Exh. 11

The complaining witness asks that defendant be apprehended and dealt with according to law.

(Peace Officers only)  I declare that the statements above are true to the best of my information, knowledge, and belief.

Warrant authorized on 12 Jun 1992 by: _____

___ting official

Complaining witness signature  Jeff Moore

Subscribed and sworn to before me on JUN 1 8 1992
Date

Judge/court clerk/magistrate ___ page 40 of 44

D-1

# Community Recovery Services, Inc.

119 NORTH GRAND TRAVERSE • FLINT, MI 48503 • (810) 238-2068

April 1. 1996

### Complaint from Fred Walker

RE: Desmond Walters

On April 1, 1996 at approximately 10:45 a.m., Fred Walker called to report that Desmond Walters was involved in several interactions outside of his clinical practice with him. It was stated by Fred that he and Desmond has attended the Final Assembly Bar and Strip show and also smoked marijuana together. Fred indicated that Desmond has somehow become attached to him in inconspicuous ways.

This report was given seemingly because Desmond called Fred's probation officer on Friday, March 29, 1996 and reported the Fred had received a dirty urine. Fred indicated that he should be getting off probation on April 7, 1996 and this could jeopardize his chances of being set free. Requested that Fred come in for an open discussion on resolving the matter.

This matter was brought to the attention of Kristie Schmiege, my Clinical Director at approximately 11:15 a.m. for further directives in handling the matter. It was recommended by Kristie that Desmond be given a urine test to Rule Out or Confirm any suspected drug use. Discussion continued with concrete ways of resolving the matter.

At approximately 1:45 p.m. an impromptu meeting was held with the Executive Director, Chris Flores, Clinical Director, Kristie Schmiege, Financial Director, Karen Trosko, and myself to continue discuss the complaint. It was concluded, as Kristie had indicated to give a drug test to Desmond.

At approximately 2 p.m. Desmond was called to my office with the Executive Director in attendance to explain the reasoning for requesting a urine test. This was done by the Executive Director. A limited number of questions were asked by Desmond and he agreed to submit to a drug test.

Continued discussion of the compliant will resume upon review of the drug analysis.

At approximately 4:40 p.m. Fred called to report that he had talked with his probation officer and The Honorable Judge Siegel to discuss the matter at hand. It was indicated that I call Judge Siegel to discuss his concern. Fred indicated that he will be getting off probation as scheduled on April 7, 1996.

Questioned Fred briefly on the validity of his statement. He assured me that it is truthful. He also agreed to come in on April 2, 1996 at approximately 11:30 a.m. to further discuss the complaint.

Plt. 11-8
Exh.

# Community Recovery Services, Inc.

119 NORTH GRAND TRAVERSE • FLINT, MI 48503 • (810) 238-2068

April 4, 1996

Desmond Walters
1301 W. Stewart Street
Flint, MI  48504

Subject: Termination of Employment

You are here by terminated from employment with Community
Recovery Services, Inc. for violation of Community Recovery
Services, Inc. Code of Ethics #12 which states "Any use of
illegal/non-prescribed drugs is strictly prohibited".

Please arrange to meet with Karen Trosko, Finance Director
to discuss your benefits on termination.

Ulysses Brown, Site Supervisor will meet with you today to
arrange a separation schedule.


Christopher Flores
Executive Director

MESC 1701
(REV. 4-03)

DEPARTMENT OF LABOR
MICHIGAN EMPLOYMENT SECURITY COMMISSION

REQUEST FOR INFORMATION RELATIVE TO POSSIBLE
INELIGIBILITY OR DISQUALIFICATION
Authorized by MCL 421.1 et seq

B.O. No. ........063.....

406

COMMUNITY RECOVERY SERVS INC
119 NORTH GRAND TRAVERSE
FLINT MI 48503-5620

EMPLOYER NUMBER: 1028784 000

CLAIMANT: 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
WALTERS DESMOND

PLEASE RETURN FORM TO:
MESC B.O. 063
5402 CLIO RD.
FLINT MI 48504

PHONE NO: (810)787-3300
FAX NO: (810)787-9678

This unemployment claim has a potential qualification/eligibility issue and is being investigated to determine what benefit entitlement, if any, the claimant has. Please answer the specific question(s) listed below which are based on the claimant's and/or employer's statement. Please submit all pertinent information which you believe would be helpful in the proper disposition of the issue(s) involved. If necessary, use an additional sheet of paper to submit that information.

You are required to complete this form within 10 days whether you feel payment(s) on this claim should be allowed or denied. If a reply is not received within 10 days, a determination will be made on the basis of the available facts. You should retain a copy of this form for your records.

PLEASE GIVE, IN COMPLETE AND SPECIFIC DETAIL, ALL REASONS FOR CLAIMANT'S SEPARATION FROM YOUR EMPLOY.
PLEASE LIST ALL DISCIPLINARY ACTION INITIATED PRIOR TO SEPARATION.
HOW WAS CLAIMANT DETERMINED TO BE UNDER THE INFLUENCE OF INTOXICANTS OR OTHER SUBSTANCES? Please refer to termination letter that has been received by the claimant. Community Recovery Services is an outpatient Substance Abuse Treatment center and the claimant was a Substance Abuse Counselor. The Urinalysis test was followed by specific procedures by Corning Clinical Laboratories. Community Recovery Services followed all chain of custody procedures and the Urinalysis sample was monitored by a male administrator. The claimant voluntarily droped the urinalysis sample.

| Mailed Month 04 | Day 11 | Year 96 | Claims Examiner J STAMBERSKY |

REPLY

Claimant's First Day Worked: 8-2-95 Last Day Worked: 4-4-96 Date of Removal From Payroll: 4-12-96

Any further questions, please feel free to contact our office at 810-238-2068.

RECEIVED
APR 25 1996
MESC FLINT BO #63

Plt. 114
Exh.

Date: 4 18 96
         Month   Day   Year
Phone: (810) 238 2068

Laven L Tiocko, Finance Director
Signature/Title

FAX: (810) 235 0055

IMPORTANT: You may receive a separate request for wage information.
IMPORTANT: Mail to the Branch Office of the Commission at the address entered at the top of this form.

April 11,1996

To: Mr.Christopher Flores,Executive Director,

I,_____Mr. Desmond G. Walters,B.A./FSAC___, hereby request my employer, _____Community Recovery Services_____, to allow me to inspect and receive copies of any and all information in my Personnel Record that I am entitled to receive under the Michigan Employee Right to Know Act. I request that this opportunity be provided to me no later than __April 22nd,1996_____.

S.S. # __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_____

ATTENTION:

I specifically request drug test results because under Michigan Law they are part of my file.

STATE OF MICHIGAN)
                 )ss
COUNTY OF GENESEE)

Subscribed and sworn to before me, a Notary Public, this 11th day of April, 1996.

Susan Lackey, Notary Public
Genesee County, Michigan
My Commission Expires: 06/25/98

Plt.
Exh. 11

# Community Recovery Services, Inc.

119 NORTH GRAND TRAVERSE • FLINT, MI 48503 • (810) 238-2068

April 22, 1996

Desmond Walters
1301 W. Stewart Street
Flint, MI  48504

Please find enclosed copies of Urinalysis test and screen
results from your personnel file, along with copies of an
employee 90-Day evaluation.  These copies were not included
in the personnel file you received on 4-4-96.  These copies
were just recently filed in your personnel file.

If you have any ouestions, please feel free to call our
office.

Sincerely,

Karen L. Trosko
Finance Director

*Plt.*
*Exh. 11-6*



# MetPath of Michigan
4444 GIDDINGS ROAD • AUBURN HILLS, MICHIGAN 48326-1561
(810) 373-9120 • (800) 444-0106

**FINAL REPORT**

ORDER NUMBER
0926522643

NT NAME
...ERS, DESMOND

DRAWN DATE AND TIME
04/01/96

RECEIVED DATE
04/01/96

REPORT DATE AND TIME
04/02/96 11:03

OF BIRTH   AGE   SEX

CLIENT NAME AND ADDRESS
COMMUNITY RECOVERY SERVICES
119 N GRAND TRAVERSE
FLINT, MI
48503

ACCT. NO.
154535

IT ID

8504

| TESTS | RESULT | UNITS | RANGE |
|-------|--------|-------|-------|
| CELLANEOUS INFO | | | |
| ORM # | 404890 | | |
| PECIMEN INTEGRITY | SPECIMEN ARRIVED WITH SECURITY SEAL INTACT. | | |
| EMPERATURE | WITHIN RANGE | | |
| HAIN OF CUSTODY | INTACT | | |
| G SCREEN 8CP | | | |
| REATININE | 1.65 | | CUTOFF 0.20 GM/L |
| MPHETAMINE | NEGATIVE | | CUTOFF 1000 NG/ML |
| ANNABINOIDS (THC) | NEGATIVE | | CUTOFF 100 NG/ML |
| HENCYCLIDINE (PCP) | NEGATIVE | | CUTOFF 25 NG/ML |
| OCAINE | NEGATIVE | | CUTOFF 300 NG/ML |
| PIATES | NEGATIVE | | CUTOFF 300 NG/ML |
| RBITURATE | NEGATIVE | | CUTOFF 200 NG/ML |
| _ODIAZEPINE | NEGATIVE | | CUTOFF 200 NG/ML |
| _AQUALONE | NEGATIVE | | CUTOFF 300 NG/ML |

*******************************
NON-FEDERAL DRUG TESTING RESULTS
*******************************

Plt. 11-7
Exh.

MET PATH 1 (B)

**MetPath of Michigan**
4444 GIDDINGS ROAD • AUBURN HILLS, MICHIGAN 48326-1581
(810) 373-9120 • (800) 444-0106



ORDER NUMBER
0926D746643

NT NAME
DL TERS, DESMOND

DRAWN DATE AND TIME
04/01/96

RECEIVED DATE
04/01/96

REPORT DATE AND TIME
04/03/96  9:44

H    AGE         SEX

CLIENT NAME AND ADDRESS
COMMUNITY RECOVERY SERVICES
119 N GRAND TRAVERSE
FLINT, MI
48503

ACCT. NO.
15453

MD

8504

| ESTS | RESULT | UNITS | RANGE |
|------|--------|-------|-------|
| 3 SCREEN BCP | | | |
| REATININE | 1.65 | | CUTOFF 0.20 GM/L |
| MPHETAMINE | NEGATIVE | | CUTOFF 1000 NG/ML |
| NNABINOIDS (THC) | NEGATIVE | | CUTOFF 100 NG/ML |
| HENCYCLIDINE (PCP) | NEGATIVE | | CUTOFF 25 NG/ML |
| OCAINE | NEGATIVE | | CUTOFF 300 NG/ML |
| IATES | NEGATIVE | | CUTOFF 300 NG/ML |
| RBITURATE | NEGATIVE | | CUTOFF 200 NG/ML |
| NZODIAZEPINE | NEGATIVE | | CUTOFF 200 NG/ML |
| THAQUALONE | NEGATIVE | | CUTOFF 300 NG/ML |

**************************************
NON-FEDERAL DRUG TESTING RESULTS
**************************************

BINOIDS                PENDING

Plt. 11-8
Exh.

T-PATH   ONE (B)(C)

# MetPath of Michigan

**FINAL REPORT**

4444 GIDDINGS ROAD · AUBURN HILLS, MICHIGAN 48326-1561
(810) 373-9120 · (800) 444-0106

**ORDER NUMBER**

ENT NAME
TERS, DESMOND

**DRAWN DATE AND TIME**
04/01/96

**RECEIVED DATE**
04/01/96

**REPORT DATE AND TIME**
04/04/96

OF BIRTH    AGE    SEX

NT ID

**CLIENT NAME AND ADDRESS**

COMMUNITY RECOVERY SERVICES
119 N GRAND TRAVERSE
FLINT, MI
48503

**ACCT. NO**

48504

| TESTS | RESULT | UNITS | RANGE |
|-------|--------|-------|-------|
| CANNABINOIDS | POSITIVE * | | CUTOFF 15 NG/ML |
| CONFIRMED BY GC/MS | | | |
| CANNABINOIDS | 27 | NG/ML | |

```
------- SUMMARY OF RESULTS OUTSIDE ESTABLISHED REFERENCE RANGE ----------+
CANNABINOIDS          POSITIVE   *                         CUTOFF 15 NG/ML!
   CONFIRMED BY GC/MS                                                     !
-------------------------------------------------------------------------+
```

Plt. 11-9
Exh.

MET PATH 1 (P)

# HURLEY

DICAL CENTER

ATE:  04/05/96

CHIEF COMPLAINT:  NEED FOR DRUG SCREEN.

HISTORY OF PRESENT ILLNESS:  THE PATIENT STATES HE WORKS IN A LOCAL DRUG REHAB PROGRAM.  ONE OF THE CLIENT'S ACCUSED HIM OF SMOKING MARIJUANA.  HE HAD A DRUG SCREEN AT HIS WORK AND IT CAME BACK MILDLY POSITIVE FOR CANNABIS.  HE SAYS THAT HE HAS NOT BEEN SMOKING MARIJUANA AND HE WENT A SAW A LAWYER AND COMES IN FOR A DRUG SCREEN.

PAST MEDICAL HISTORY:  HYPERTENSION.  MEDICATIONS:  CATAPRES.  NO KNOWN ALLERGIES.

PHYSICAL EXAMINATION:  THIS IS A 34-YEAR-OLD BLACK MALE WHO IS ALERT AND IN NO APPARENT DISTRESS.  VITAL SIGNS:  BLOOD PRESSURE 165/108, TEMPERATURE 99.4, PULSE 110.  HE IS VERY ANXIOUS AT THIS TIME.  RECHECK BLOOD PRESSURE IS 156/97 WITH A PULSE OF 103 AFTER THE PATIENT CALMS DOWN A LITTLE BIT.  EXAMINATION REVEALS PUPILS WERE EQUAL, ROUND AND REACTIVE.  LUNGS:  CLEAR.  HEART:  REGULAR.

MEDICAL DECISION MAKING:  THE URINE DRUG SCREEN WAS DONE.  IT WAS NEGATIVE FOR CANNABIS.

IMPRESSION:
    DRUG SCREEN.
    HYPERTENSION.

DISPOSITION:  INFORMED PATIENT THE DRUG SCREEN WAS NEGATIVE AND HE IS TO SHOW WORK.  IF ANY PROBLEM OR CONCERN HE IS WELCOME TO GET THE RECORDS FROM MEDICAL RECORDS.  SEE HIS LAWYER AS NEEDED.

DICTATED BY:  JJ:GS
 04/05/96 (14:41)
 04/09/96 (2:06)

                              J. JOHNSON, DO

CONFIDENTIAL INFORMATION
Not to be released to
(MR) unauthorized persons

Plt. 11-10
Exh.

D-7

_____
...MOND GIRARD        ATTENDING PHYSICIAN
                     C. WILLIAMS, DO        | ADMISSION DATE | RM NO/DISCH DATE | MEDICAL RECORD NO. |
                                            | 04/05/96       | 04/05/96ER-DI    | 0198973            |

CONFIDENTIAL INFORMATION

**c. GC/MS:** The GC/MS, or gas chromatography/mass spectrometry test is a more sensitive and more expensive test than the EMIT. See Table 4 for a comparison of the EMIT and GC/MS test.

Table 4: Comparison of EMIT and GC/MS Test    *Urine*

| Drug | Approx. Duration of Detectability EMIT/GC/MS | Limits of Sensitivity | |
|---|---|---|---|
| | | EMIT | GC/MS |
| Amphetamine | 48 hrs | 300 ng/ml | 150 ng/ml |
| Methamphetamine | 48 hrs | 300 ng/ml | 150 ng/ml |
| Barbiturates | | | |
|    Phentobarbital | 24 hrs | 500 ng/ml | 150 ng/ml |
|    Secobarbital | 24 hrs | 300 ng/ml | 150 ng/ml |
|    Amobarbital | 48-72 hrs | 1000 ng/ml | 150 ng/ml |
|    Butabarbital | 48-72 hrs | 500 ng/ml | 150 ng/ml |
|    Butalbital | 48-72 hrs | 1500 ng/ml | 150 ng/ml |
|    Phenobarbital | 7 days | 1000 ng/ml | 500 ng/ml |
| Benzodiazepines | 3 days | 300 ng/ml | 150 ng/ml |
| Cocaine | 2-4 days | 300 ng/ml | 150 ng/ml |
| Methadone | 3 days | 300 ng/ml | 150 ng/ml |
| Codeine | 2-4 days | 500 ng/ml | 150 ng/ml |
| Morphine | 2-4 days | 500 ng/ml | 150 ng/ml |
| Propoxyphene | 6-48 hrs | (GC/MS only) | 300 ng/ml |
| Norpropoxyphene | 6-48 hrs | (GC/MS only) | 300 ng/ml |
| Cannabinoids | occasional user | 100 ng/ml | 20 ng/ml |
|    (Carboxy & | 3-10 days | | |
|    Hydroxy | chronic user | | |
|    Metabolites) | 1-2 months | | |
| Methaqualone | 7-14 days | (GC/MS only) | 150 ng/ml |
| Phencyclidine | 7-14 days | 75 ng/ml | 25 ng/ml |

This table indicates, for example, that cannabinoids (marijuana) can be detected with the GC/MS when there is as little as 20 ng/ml (nanograms per milliliter) in the system of the user. With the EMIT, a person would need to have at least 100 ng/ml of the drug in his/her system for use to be detected.

Counselors should be aware that clients can adulterate their urine specimens in a number of ways. Common adulterants include soap, gum, sugar, and salt. When using drug screens in an inpatient setting, therefore, it is important to have clients wash their hands thoroughly, including under the fingernails.

### State Of Michigan
### In The Circuit Court for The County of Genesee

## AMENDMENT
## TO
## CLAIM OF APPEAL

Desmond G. Walters, MA, LPC, CAC-1
1301 W. Stewart Ave.
Flint, Michigan 48504-2279
     **Pro Se**
Claimant-Appellant- Petitioner

No. 97-59446 -AE  **(Revised)**
Judge Geoffrey L. Neithercut
    P-25466

B 1996-08123-RR2-
187396W Old#141341W

     **V.S.**

Community Recovery Services, Inc.
711 North Saginaw Street
Suite 323
Flint, Michigan 48503-1703

Employer- Appellant- Respondent
         **&**

Unemployment Insurance Agency, (f/k/a Michigan Employment Security Agency)
Michigan Department of Consumer & Industry Services- Board of Social Work

Appellee-Respondent



## APPELLANT BRIEF

Issue(s) Involved In:

1. Use of Illegal Drugs.           3/29/96
2. Under the <u>Doctrine of Employment At-Will</u>

1. IS THE CLAIMANT DISQUALIFIED FOR BENEFITS AS PROVIDED FOR BY THE DRUG TESTING PROVISION OF SECTION 29, (1) (M) OF THE MICHIGAN EMPLOYMENT SECURITY ACT?

2. ALL EMPLOYMENT AT-WILL STATES RECOGNIZE CERTAIN <u>STATUTORY EXCEPTIONS</u> TO THE DOCTRINE, WHILE MANY ALSO RECOGNIZE ONE OR MORE COMMON-LAW EXCEPTIONS. WHICH EMPLOYMENT AT-WILL EXCEPTIONS MICHIGAN RECOGNIZE?

STATE'S
EXHIBIT
Y

Plff. Exh. 11-13

### To Protect Your Rights, You Must Be On Time

A State of questions involved in the appeal transcript of testimony and proceedings

before Referee Mark J. Hodgson on August 13, 1996 at Flint, Michigan.

### PROCEEDINGS

Referee............ B 96–08123

The claimant is Desmond Walters the involved employer is Community Recovery Services, Incorporated.

The employer appealed a Commission redetermination which found that the claimant was not disqualified as provided for by the drug provisions of section 29 (1) (M) of the Michigan Employment Security Act.

This hearing is taken place in Flint, Michigan on August 13, 1996 before Referee Mark Hodgson.

When the issue is one of disqulification such as the drug provisions of the Michigan Employment Security Act, it is the employer's burden to go forward and show that the offense occurred, an that it in fact is disqualifying for the purpose for an unemployment compensation claims.

Referee: Now I've been on vacation for two weeks. I did not see this case before it was scheduled, okay? (page 4)

Referee:  Any questions before we begin, Mr. Reinhardt? (page 6)

I've got a problem with the file as it exists.

Mr. Reinhardt:  There is a form in there that has been submitted by the claimant regarding another screening, I don't know what you're going to do with those files. (page 7)

Referee:  Well, that's for the claimant…….. for the claimant to bring fourth by his agent. (page 7)

Page 5

Mr. Reinhardt:  There is no one here to testify to that. (page 7)

Referee:  It is just in the file for now. (page 7)


## EXAMINATION OF MS. SCHMIEGE BY THE REFEREE:

Q= Questions                    A= Answers

Q. Where do you work?
A. Community Recovery Services. (page 8)

Q. And, in what capacity?
A. Clinical Director (page 8)

Q. What is the facility license for?
A. Substance Abuse. Outpatient Substance Abuse Treatment and Prevention. (page 8)

Q. Do you know Mr. Walters?
A. Yes. (page 8)

Q. How do you know him?
A. We employed him. (page 8)

Q. What was the last date he ever worked there?
A. 4/3/1996. (page 9)

Q. And, what was his job there?
A. Substance Abuse Counselor. (page 9)

Q. Did he quit, was he laid-off, or discharged?
A. Discharged. (page 9)

Q.  Was he told why he was being discharged?
A. Yes. (page 9)

Q. What was that reason?
A. It was for a drug test that was positive for marijuana, a gas chromatography mass

Plt. 11-15
Exh.

test, which--- is a confirmatory test for drug screens. And, it quantified the amount of THC metabolized in the urine, which was 27 nanograms per milliliter. (page 9)

Q. Was Mr. Walters told he tested positive?
A. Yes. (page 10)

Q. Was that the only test performed?
A. No, that was the test that we requested of the lab, Their policy is that they don't want to do that confirmatory test unless you specifically request it, So, we had to request that specifically in that way. (page 10)

Q. Now, those tests
A. The first two were screens. The second one, or the last one was a confirmatory test. (page 11)

Q. On 100 nanogram what was the result?
A. Negative. (page 11)

Q. On 25 nanograms?
A.  Positive. And, on the last confirmatory test they actually quantify the number, which came back at 27 nanograms per milliliter. It's a much more sensitive test -- sensitive in specific terms means that it rules out false positive and false negatives. (page 11)

Q. Did you supervise Mr. Walters?
A. Mr. Brown supervised him directly, and I'm over Mr. Brown. (page 12)

Q. Now, were these tests explained to Mr. Walters at the time he was discharged?
A. Honestly, No--- they were no. (page 12)

Q. When were you first aware that a sample was taken from Mr. Walters for drug testing?
A. The day it was taken. (page 14)

Q. And, that was the day of discharge?
A. No. (page 14)

Q. Do you know why that sample was taken?
A. Why it was taken? (page 14)

Plt. 11-16
Exh.

Q. Yes.
A. Definitely, because a client had approached Mr. Brown, Mr. Brown approached me,
I indicated that a drug test would be the best way to clear it up one way or the other.
(page 14)

Q. Was there a allegation by the client---- on the client's part?
A. The allegation of the client was that Mr. Walters was smoking marijuana while
attending strip bars with him, because, we recognized that we're dealing with
Substance Abuser's, Criminal Justice Population, it made the most sense to me in
order to clear Desmond's name, to have him drop a urine. (page 14)

Q. And, Mr. Walters agreed to the test?
Claimant: Yes, I did. (page 15)

Referee: Okay. Mr. Reinhardt?
Mr. Reinhardt: Just a couple questions. (page 15)

## EXAMINATION OF MS. SCHMIEGE BY MR. REINHARDT

Q. Does the court then supervise your agency?
A. No,  The State of Michigan license us to do substance abuse treatment. And, the
local substance abuse coordinating body oversees everything. (page 15)
Q. Is the alternatives for your clients then some sort of incarceration? Are they
ordered there by the court, is that what you're saying?
A. Yes, they are there by court order. (page 15)

Q. Subsequently are tested positive, is that reported back to the court?
A. It's not -- it's not reported in 100% of the cases, I'll say that. It's left to the
therapist discretion to deal with the clients and their clinical responding, and to use
there judgment. (page 16)

## EXAMINATION OF MS. SCHMIEGE BY MS. JACKSON

Q. Ms. Schmiege, is it part of your work papers that you read, does it not say that you
will test all your employees?
A. Well, it says that we test everybody at the time that they apply. (page 16)

Q. Do you do that?
A. Yes. (page 16)

Plt. Exh. 11

Page 8

Q. At that time, how did Mr. Walters test out?
A. He tested negative. (page 16)

Q. At the beginning?
A. And, again that was a screening. We screen applicants. We don't do the confirmatory test. (page 16)

Q. So, do you follow your rules?
A. Yes. (page 16/17)

Q. As the person whose name is on this, who is Fred Walker, I can say it, I didn't sign anything. If he broke a law would it be up to your company to talk to his probation officer, or his court if he did something wrong?
A. I don't understand the question. (page 18)

Q. If you found that Fred Walker had done -- when he smoked marijuana was it reported back to the court? He said he smoked it?
A. Um-hum. (page 18)

Q. Did you report it back to the courts?
                    Mr Reinhardt: Don't answer that.
                    Ms. Schmiege: I can't answer that.

## EXAMINATION OF MR. BROWN BY MS. JACKSON:

Q. Mr. Brown?
A. Yes. (page 25)

Q. Are you a counselor?
A. Yes, I am. (page 26

Q. And, you have been counseling for quite a while?
A. Yes, I have. (page 26)

Q. Are you able to tell when a person is working is under the influence of marijuana?
A. Can I tell if he's working under the influence? If I check his eyes, maybe so. (page 26)

Q. Did you check Mr. Walters eyes?

Plt. 11-18
Exh.

A. No, because he wasn't working under the influence when I asked him to take the test. (page 26)

Q. Has Mr. Walters used marijuana, to your knowledge?
A. I can only go by what the drug test say. (page 26)

Q. I said to your knowledge?
A. I do not know. (page 26)

Q. Your direct knowledge?
A. I can only go by what the drug test say. (page 26)

Q. Well, I have a drug test here that says it is negative, would you go by that one?
A. It depends on how the test was taken. (page 26)

Q. Well, a test is a test.

Q. Why did Mr. Walker decide to tell on himself about smoking marijuana?
A. I can only tell you what the client told me as to why he filed a complaint. (page 26/27)

Q. What was that?
A. Well, he filed a complaint because Desmond told his p.o. that -- that he had dirty urine. And, that the client was supposed to be getting off of probation. So, by telling him about the dirty urine may have caused a problem with him getting off of probation. (page 27)

## EXAMINATION OF MR. FLORES BY THE REFEREE:

Q. What's your full name?
A. Christopher John Flores. (page 29)

Q. Mr. Flores, do you know Mr. Walters?
A. Yes, I do. (page 29)

Q. Did you discharge him?
A. Yes, I did. (page 29)

Q. Did you do that in person?

*Plt. Exh. 11-19*

Page 10

A. Yes, I did. (page 29)

Q. What did you tell him?
A. I told Mr. Walters that he was terminated from employment from Community Recovery Services for violation of our code of ethics, and for having tested positive for THC/ Cannabis. (page 29)

Q. What did he say when he was discharged?
A. Mr. Walters, at least to me, indicated that he appreciated the opportunity that we had given him for working there. And, that was it. (page 29)

Q. At any time did he offer an explanation for the test results?
A. I think later going out he indicated that he flat out denied usage. (page 30)

Q. Was he aware at the time he was separated from employment that three tests were done on the same urine?
A. I'm not sure, I informed Mr. Walters that there was a complaint. He was very well aware of it. And, that we would be doing a test. And, the best way to deal with it is to do a urinalysis test and to just eliminate this. He readily agreed to it, and I have a copy of it here for your review, we requested a gas mass profile. (page 30)

Q. And, if the gas chromatography was negative would he still have been employed there?
A. Yes, most definitely. (page 32)

<u>**EXAMINATION OF THE CLAIMANT BY THE REFEREE:**</u>

Q. Did you previously work for Community Recovery Service?
A. That is correct, I worked as a volunteer. I asked if I could earn 300 hours towards a CAC, and he agreed that was okay, that I could work there on a volunteer basis. You know, work with clients and stuff like that. So, that was two months prior. (page 33/34)

Q. Starting in June?
A. That's correct. (page 34)

Q. And, the last day you worked?
A. 4/4/1996, I was told I was terminated. (page 34)

Plt. 11-20
Exh.

Q. Was that in a meeting?
A. Yes, it was. (page 34)

Q. Did they show you the result of the drug test?
A. No, they did not. (page 34)

Q. What's a confirmatory drug test, sir?
A. I guess it's some new invention, some test -- gas mask -- that's what I was told. I have never heard of it prior to that Thursday meeting. (page 34/35)

## EXAMINATION OF THE CLAIMANT BY MR. REINHARDT:

Q. You worked there eight months?
A. That's correct -- 10 months. Eight months with pay. (page 40)

Q. What sort of training do you have, sir?
A. I have a college degree. (page 40)

Q. What's your college degree in?
A. Social Work, which is a related field -- human services. (page 40)

## STATEMENT OF FACTS

**1. (a) The Nature of The Action:** Termination of employment of the employee-claimant-appellant.

**1. (b) The Character of Pleading and Procedures:** Breach of contract; wrongful discharge; intentional infliction of mental distress, slander and libel based on a parolee violator's accusations of smoking of marijuana and failure of employer to follow their own problem resolution procedures. "negligent promising".

**1. ( c ) The Substance of Proof:** (1) . Drug testing results by the employers testing firm, Controversy as whether the tests were negative or positive. (2). Drug test results by Hurley Hospital ER., of Claimants done within 24 hours after discharge that was negative and Claimant/employee was to show work, Controversy as to whether this test was in the

Plt. 11-2
Exh.

Page 12

file and therefore apart of the record for the hearing 8/13/96. (3). Claimant can without a
doubt demonstrate that a grossly palpable error was committed by the employing unit
which involves malice, perjury, and fraud as to the testing, according to The Association
for Advanced Training in the Behavioral Sciences, 5126 Ralston Street, Ventura, CA.
93003 (800) 472-1931, AODA Counselor Home Study Manuel, Volume 1 (one), <u>Table 4:</u>
<u>Comparison of EMIT (urine) and Gas Chromatography /Mass Spectrometry Test</u>, Limits
of Sensitivity for Cannabis/Marijuana **screens= 100** ng/ml and GC/MS= 20 ng/ml
according to the AATBS © 1992, 2004 <u>www.aatbs.com</u>.  (4). Dispute by Claimants as to
whether I ever received a written copy of a Final Order 1/21/98 and/or Determination
(allegedly) 3/19/98 were served, signed for by U.S. Postal Services which would have
allow Claimant the right to be heard or a day in court according to The Constitution of
The United States of America. (5). Controversy as to Claimant rights 10 years later, if
there is no recourse, remedies and reparation available to him, what is the purpose of the
"One Year Letter" issued 4/4/06 concerning a 4/9/96 benefits claim with UIA (f/k/a
MESC), And a right to Appeal to Board of Review or Circuit Court on or before 9/25/06?
To which Claimant is responding here-in. (6). Can it be "Vexatious Proceedings" merely
wishing to annoy or embarrass the Claimant?, More importantly, wasting of tax payers
dollars for unnecessary procedures. (7). Five drug test results all in the file showing
negative results, three done on one urine sample that was and is apart of the file on record
4/9/1996 submitted by the Claimant and is apart of the hearing, testimony and record of
8/13/1996 made reference to and their location on the tape by All Parties and Referee
involved. (8). A <u>non</u> "at-will" employment contract/agreement application, also a CRS,
Inc. employment obligation agreement signed by employee and executive director on
11/27/95 which is binding. (9). Proof of full-benefits-family, Life Insurance, Blue Cross/
Blue Shield of Michigan, Optical, Guardian Dental and Salary at that time. (10). Dispute
as to whether the Judge's Order and UIA Determination was timely within the 30 days.
(11). Mrs. Kristie Schmeige was Claimants Clinical Supervisor for Social Work
Technician Registration until alledged drug use issue for 10 months when Claimant
prevails Claimant wants Court to order the Board of Social Work to honor the Social
Work experience at CRS, Inc. and credit my required 24 months of experience from this
body of work.


**1. (d) Dates of Important Instruments and Events.**


**April 1, 1996.** Complaint of Fred Walker to Community Recovery Services Inc. Stating
Appellant and he smoked marijuana.

**April 1, 1996.** Urine test conducted on Appellant by the employer.

**April 4, 1996.** Termination of employment by employer.

**April 9, 1996.** Appellant filed for unemployment benefits (p. 61 of record of proceeding

## STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

DESMOND G. WALTERS, MA,CAC 1,

        Claimant-Appellant,

v

COMMUNITY RECOVERY SERVICES, INC,

        Employer-Appellee.

_____/

HON.
Circuit Judge

Case No.  97-59446-AE

### STIPULATION ADDING PARTY
### APPELLEE AND RE-ENTITLING CAUSE

IT IS HEREBY STIPULATED AND AGREED between the appellant and the Unemployment Agency, Michigan Department of Consumer & Industry Services f/k/a Michigan Employment Security Agency, that the Unemployment Agency, Michigan Department of Consumer & Industry Services be added as a party defendant and that the entitlement be amended to read as follows:

DESMOND G. WALTERS, MA,CAC 1,
        Claimant-Appellant,

v

COMMUNITY RECOVERY SERVICES, INC,
        Employer-Appellee,
and
UNEMPLOYMENT AGENCY, MICHIGAN DEPT
OF CONSUMER & INDUSTRY SERVICES, (f/k/a
MICHIGAN EMPLOYMENT SECURITY AGENCY)
        Appellee.

FRANK J. KELLEY, Attorney General
of Michigan

By:_____
Peter T. Kotula  (P41629)
Assistant Attorney General
Attorneys for UA MDCIS
7310 Woodward Avenue
Detroit, MI  48202
(313) 876-5556

_____
Desmond G. Walters, MA,CAC 1
1301 W. Stewart Avenue
Flint MI 48504-2279

Plt. Exh. 11-23



**Michigan State Police**   **Michigan.gov**

Michigan.gov Home | ICHAT Home | FAQs | Contact State Police | My Account | Logoff

## Criminal Record Response

**Data Searched on:**

| Last Name | First Name | Middle Name | DOB | Race | Sex |
|-----------|-----------|-------------|-----|------|-----|
| Walters | Desmond | G | | U | M |

Based on the information provided, the following is a certified result of the search as of 11/30/2004 09:37:14 AM

### DO NOT TAKE ADVERSE ACTION
### WITHOUT FIRST REVIEWING THIS RECORD WITH THE PERSON FOR WHOM
### THE SEARCH WAS INITIATED

A search on the name and identifiers provided has located the following criminal history record. The name search process may result in a match of a record having only some of the same identifiers. A record is provided if only the first and last name, race, sex and year of birth match. The process will not exclude a record when there are identifiers that do not match; such as social security number or birth month or birth day. The information on this record was provided on arrest of the fingerprinted subject. It is common practice for a person to use false identification when arrested. The attached information must be reviewed with caution and with the person for whom the search was initiated.

If the person denies that the criminal record pertains to him/her, this can be verified by fingerprints. The person should go to the nearest law enforcement agency and request to be printed on a state applicant fingerprint card for employment/volunteer/licensing purposes. This card is to be mailed to the Criminal Justice Information Center with a copy of this record and a letter requesting the Criminal Justice Information Center to verify that the enclosed criminal record does not pertain to him/her.

MICHIGAN CRIMINAL HISTORY RECORD INFORMATION MEETING DISSEMINATION CRITERIA
FOR SID: 1116053E AS OF 11-30-2004.

```
NAM: WALTERS/DESMOND/GIRARD/          SID: 1116053E
RAC: B      SEX: M      DOB:
HGT: 602    WGT: 260    HAI: BLK
EYE: BRO    POB: MI
                                      DLN: MI/W436139279949

                                      SOC:
```

PHOTO AVAILABLE: NO

SCAR/MARK/TATTOO:   MISS L FGR

ADDITIONAL IDENTIFIERS AND COMMENTS:

**STATE'S EXHIBIT B**

ICHAT Conviction Record

DLN: MI/W536139279949          IL/W43616761355

=================================================================

CRIMINAL TRACKING NUMBER: 90-80-107512-01     INCIDENT DATE: 08-09-1980
NAME USED: WALTERS/DESMOND/GIRARD/
=================================================================
ARREST SEGMENT          : CHARGE SEGMENT      : JUDICIAL SEGMENT
======================= : =================== : =======================
DATE: 08-09-1980        :    DATA NOT RECEIVED : DATE: 08-11-1980
MI2539800               :                      :
PD  FLINT               :                      : CNT-1
OCA: 72132              :                      :   SOLICIT
1 CNT OF 4000           :                      :   PROSTITUTION
   COMMERCIALIZING SEX  :                      : DISP: FOUND GUILTY
DISP: CHGD BY PROSECUTOR :                     : SENT/REMARKS:
                        :                      : F/C/R-$180 CONF-30D

=================================================================

CRIMINAL TRACKING NUMBER: 90-81-110646-01     INCIDENT DATE: 06-12-1981
NAME USED: WALTERS/DESMOND/GIRARD/
=================================================================
ARREST SEGMENT          : CHARGE SEGMENT      : JUDICIAL SEGMENT
======================= : =================== : =======================
DATE: 06-12-1981        :    DATA NOT RECEIVED : DATE: 07-27-1981
MI2539800               :                      : MI250035J
PD  FLINT               :                      : CT  68TH DIST FLINT
OCA: 72132              :                      : CFN: 81-913FY
1 CNT OF 7300           :                      :
   MISC PUBLIC ORDER    :                      : CNT-1 MCL 750.50
   CRIME                :                      :   CONSPIR-MISDEMEANOR
                        :                      :   ANIMALS - ABANDONING/
                        :                      :   CRUELTY
                        :                      : DISP: PLED GUILTY
                        :                      : SENT/REMARKS:
                        :                      : CONSPIRACY TO COMMIT
                        :                      : CRUELTY TO DOGS; PROB
                        :                      : 12M

=================================================================

CRIMINAL TRACKING NUMBER: 90-84-105236-01     INCIDENT DATE: 04-16-1984
NAME USED: WALTERS/DESMOND/GIRARD/
=================================================================
ARREST SEGMENT          : CHARGE SEGMENT      : JUDICIAL SEGMENT
======================= : =================== : =======================
DATE: 04-16-1984        :    DATA NOT RECEIVED : DATE: 05-10-1984
MI2539800               :                      : MI250035J
PD  FLINT               :                      : CT  68TH DIST FLINT
1 CNT OF 5500           :                      :
   MISCELLANEOUS HEALTH & :                    : CNT-1
   SAFETY               :                      :   MISUSE OF ANIMALS
DISP: CHGD BY PROSECUTOR :                     : DISP: FOUND GUILTY
                        :                      : SENT/REMARKS:
                        :                      : F/C/R-$205 CONF-30D

=================================================================

CRIMINAL TRACKING NUMBER: 11-92-200098-01     INCIDENT DATE: 06-11-1992
NAME USED: WALTERS/DESMOND/GIRARD/
=================================================================

ICHAT Conviction Record

```
ARREST SEGMENT           : CHARGE SEGMENT              : JUDICIAL SEGMENT
=======================  : =========================  : =======================
DATE: 06-11-1992         : DATE: 06-11-1992           : DATE: 06-12-1992
MI1105700                : MI110013A                  : MI110025J
MSP ST JOSEPH            : PA  BERRIEN CO ST JOSEPH   : CT  05TH DIST ST JOSEPH
OCA: 57121792            : 1 CNT MCL 333.74032D       : CFN: 1992A04284
1 CNT OF 3500            :    MISDEMEANOR             :
   MISDEMEANOR           :    CONTROLLED SUBSTANCE-   : CNT-1 MCL 333.74032D
   DANGEROUS DRUGS       :    POSSESSION OF           :    MISDEMEANOR
DISP: CHGD BY PROSECUTOR :    MARIJUANA               :    CONTROLLED SUBSTANCE-
                         :                            :    POSSESSION OF
                         :                            :    MARIJUANA
                         :                            : DISP: PLED GUILTY
                         :                            : SENT/REMARKS:
                         :                            : F/C 245 OR JAIL 24 DAYS
======================================================================================
```

DISSEMINATION OF CRIMINAL HISTORY INFORMATION IS SUBJECT TO MICHIGAN & FEDERAL
RULES & REGULATIONS. REFER TO LEIN ADMINISTRATIVE RULES & TITLE 28, USC.
USE OF THIS RECORD IS LIMITED TO THE PURPOSE OF INQUIRY.

END MSG.

View Responses        New Record Search



**MetPath of Michigan**

4444 GIDDINGS ROAD · AUBURN HILLS, MICHIGAN 48326-1561
(810) 373-9120 · (800) 444-0106

FINAL R

ORDER NUMBER

PATIENT NAME
ALTERS, DESMOND

DRAWN DATE AND TIME
04/01/96

RECEIVED DATE
04/01/96

REPORT DATE AND TIME
04/04/96

DATE OF BIRTH   AGE   SEX

CLIENT NAME AND ADDRESS
COMMUNITY RECOVERY SERVICES
119 N GRAND TRAVERSE
FLINT, MI
48503

ACCT. NO.
15403

PATIENT ID
385743063

48504

| TESTS | RESULT | UNITS | RANGE |
| --- | --- | --- | --- |
| CANNABINOIDS | POSITIVE   * | | CUTOFF 15 NG/ML |
| CONFIRMED BY GC/MS | | | |
| CANNABINOIDS | 27 | NG/ML | |

---------- SUMMARY OF RESULTS OUTSIDE ESTABLISHED REFERENCE RANGE ----------+

| CANNABINOIDS | POSITIVE   * | | CUTOFF 15 NG/ML |
| --- | --- | --- | --- |
| CONFIRMED BY GC/MS | | | |

Plt. 13-4
Exh.



STATE'S
EXHIBIT
H

MET PATH 1 (D)

STATE OF MICHIGAN
DEPARTMENT OF CONSUMER & INDUSTRY SERVICES
OFFICE OF COMMERCIAL SERVICES

In The Matter Of:

DESMOND GIRARD WALTERS
1301 W. Stewart Ave.
Flint, MI 48504-2279

## NOTICE OF DENIAL OF AN APPLICATION FOR

## A SOCIAL WORKER REGISTRATION

---

NOTICE is herewith given that the DEPARTMENT OF CONSUMER & INDUSTRY

SERVICES, Office of Commercial Services, pursuant to the Occupational Code, 1980 PA 299,

as amended, MCL 339.101 *et seq.*, MSA 18.425(101) *et seq.*, (hereafter "Code"), and the Former

Offenders Act, 1974 PA 381, as amended, MCL 338.41 *et seq.* has determined that the applicant

is unqualified for the license or registration requested for lack of good moral character within the

meaning of the Former Offenders Act. Accordingly, the APPLICATION FOR LICENSURE

OR REGISTRATION IS HEREBY DENIED. The basis for the denial is as follows:

1. Certified copies of the Criminal Records (exhibit 1) for Case No. CTB-95-

   343 from the 67th District Court, Genesee County, State of Michigan

   Establish that the Applicant pled guilty to No License in Possession and

   was sentenced on or about November 9, 1995. The Applicant was ordered

   to pay a total of One Hundred Thirty ($130.00) Dollars or serve 5 days in

   Jail.

*Plt. 13,5*
*Exh.*

EXHIBIT

STATE'S
EXHIBIT

K

2. Certified copies of the Criminal Records (exhibit 2) for Case No. 92A-04284-SM from the 5th District Court, Berrien County, State of Michigan, establish that the Applicant pled guilty to Possession of Marijuana on or about June 12, 1992. The Applicant was sentenced to payment of Fines and Costs of Two Hundred Forty-Five ($245.00) Dollars or serve 24 days in Jail. On or about October 22, 1996, the Applicant pled guilty to Failure to Pay Fines and Costs and was sentenced to Fines and Costs of One Hundred ($100.00) Dollars or serve 10 days in Jail.

3. A copy of the Criminal History Record and a letter from the Applicant (exhibit 3) establish that the Applicant was convicted of Misuse of Animals on or about May 10, 1984 and Soliciting a Prostitute on or about August 8, 1980. The Applicant was sentenced to 30 days in jail and Fines, Costs and Restitution of Two Hundred Five ($205.00) Dollars for the Misuse of Animals conviction. The Applicant was sentenced to 30 days in jail and Fines, Costs and Restitution of One Hundred Eighty ($180.00) Dollars for the Soliciting a Prostitute conviction.

The instant denial of a license or registration for lack of good moral character shall not operate as a bar to denial of said application for other reasons if it should be subsequently determined that the applicant is otherwise unqualified. THE APPLICANT IS HEREBY NOTIFIED that in the event the Office of Commercial Services determines that the applicant is unqualified for reasons other than lack of good

*Not a valid conviction*

*Plt. 13-6*
*Exh. 13*

moral character, the applicant will be notified by way of separate and different "NOTICE

OF DENIAL."

YOU ARE HEREBY NOTIFIED that in the event you have relevant evidence of

qualification not previously considered by the Office of Commercial Services, you may,

within thirty (30) days of the date of mailing of this "NOTICE OF DENIAL," pursuant

to Sections 515 and 516 of the Code file a written petition with the Office of Commercial

Services and the BOARD OF EXAMINERS OF SOCIAL WORKERS setting forth those

reasons why the SOCIAL WORKER REGISTRATION should be issued.  Said petition

may rebut the evidence set forth in paragraph(s) 1, 2 and 3 above by showing that at the

current time the applicant has the ability to, and is likely to, serve the public in a fair,

honest, and open manner, that the applicant has been rehabilitated, or that the

substance(s) of the former offense(s) is/are not reasonably related to the practice of social

work.  Said petition may be accompanied by a brief summary of the incident(s) which

led to the conviction(s) and the factors surrounding the incident(s); business/personal

references; a report from the applicant's rehabilitation specialist, if any, indicating the

possibility of similar future incidents; a current report from the  applicant's

parole/probation officer, if pertinent; etc.

IF SUCH A PETITION IS TIMELY FILED, the Office of Commercial Services

and the BOARD OF EXAMINERS OF SOCIAL WORKERS will reconsider the

application  in view of  the reasons set forth in the petition.

THERE WILL BE NO ADMINISTRATIVE HEARING HELD IN THE

CONDUCT OF THIS REVIEW AND, THEREFORE, IT IS IMPORTANT THAT THE

EXHIBIT   A   page 3 of 4

Plf. 13-
Exh.

PETITION COMPLETELY DETAIL THE REASONS WHY THE APPLICANT

SHOULD BE GRANTED A SOCIAL WORKER REGISTRATION.

UPON COMPLETION OF THE REVIEW, THE APPLICANT SHALL BE

NOTIFIED OF THE DECISION IN WRITING.

THE APPLICANT IS FURTHER NOTIFIED that this NOTICE OF DENIAL is

considered FINAL as of the DATE OF MAILING unless a petition for review is

received within thirty (30) days from the DATE OF MAILING.

MICHIGAN DEPARTMENT OF CONSUMER
AND INDUSTRY SERVICES
Kathleen M. Wilbur, Director

By: _____

James H. Montgomery, Director
Commercial Enforcement Division
Office of Commercial Services

DATED: ___March 24, 1997___

Written Petition to the Board Should be Addressed To:

DEPARTMENT OF CONSUMER AND INDUSTRY SERVICES
Board of Examiners of Social Workers
P.O. Box 30018
Lansing, Michigan 48909

Plt. 13-8
Exh.

EXHIBIT ___A___ page _4_ of _4_

TO: Department of Consumer and Industry Services Board of Examiners of Social Workers.

Subject: A "Rewrite" of a Petition of Review of a Denial for a Social Work Technician License/ Registration.

November 23,1998

Dear Department and Board members:

I, Desmond Walters take up my pen to assure you that granting me a registration /license at this time will not endanger any citizen of the State of Michigan. But first I would like to thank the Department and Board for allowing me this opportunity to make this appeal.

Following the first denial of my application I was upset and I apologize if I said anything rude to anyone I may have spoken to. My efforts were simply an attempt to provide a decent living for my daughter who I love dearly.

First of all, I feel that I have rehabilitated myself by way of completion of High school in April of 1980; Mott Community College in June of 1987 and the The University of Michigan (Flint) May 1991 and finally Graduate School at the Depaul University June, 1997. In addition during those times I was able to find employment I received Certificates of Completion or participation in Educational And Vocational training programs. In those jobs of serving the public I have always provided fair and honest services. Subsequent to the denial of the license I have provided the Board with the above documentation as well as references and proof of employment. Since I have not received confirmation that they have been received these documents I am enclosing a second set.

In a sincere effort to change my life I have worked diligently to remove the defects in my character that occurred earlier in my life. My faith in God has never wavered through this trying times. I would like to remind the Board that I have paid for my transgressions and accepted responsibility for those through fines and jail time. In short, I want to get on with my life and provide services to those who are in need of them.

As a result of my determination to serve my fellow men, I have done considerable research regarding others who have reformed and become licensed to practice an occupation. All of that led to my attaining a higher education. It also has paid off with an ability to conduct research findings. Such skills are a valuable asset to an employee as well as their employers and the public they serve. But more importantly I learned that there are provisions in the various statutes that allow someone such as myself who has made mistakes to overcome them by way of statutes of limitation.

I discovered after making my second application for a license on March 26, 1997 (a year after the first license was denied) that had I waited approximately ninety more days or on June 11, 1997 I would have automatically been qualified to be licensed. That was because the aforementioned misdemeanor offenses of 8-9-80; 7-27-81 and 6-11-92. Inasmuch as the Board rejected my license on 10-23-98 I feel the statute of limitations were in effect at that time. I quote from the Public Acts

STATE'S EXHIBIT

N

1980-number 299, Article 6, PA 339.602 "....Penalty © denial of a License or Certificate of Registration and PA 339.604 Sec 604 ... Penalty (d) which states: "Commits or has committed a felony or a crime involving fraud or moral turpitude within the past five years." The first two exhibits (1) and (2) are far beyond the five years mentioned in the statutes or Board rules and regulations. In fact they are beyond the five year limitations by over three times. Seventeen and eighteen years is a very long time to keep me in a precarious position. I am sure that is why the Legislature provided the five year limit.

In short, I would like to plead with this Honorable body to please reconsider the decision of 10-23-98 and take into consideration not only the legal question involved but the fact I have rehabilitated myself completely and desire to serve my fellow man as provided in the enclosed documents. In summary, the public interest will be harmed if I am not licensed, they will have lost a dedicated and valuable servant who only desires to serve.


Thanking you in advance, I remain

Yours truly,

*Desmond G. Walters*

Desmond G. Walters, M.A. CAC-I

Applicant –Petitioner.


Enc:

DD FORM 214 (US. MARINE CORPS)

MICHIGAN OSAS CERTIFICATION PROGRAM (2)

CERTIFICATE OF ACHEIVEMENT –MIDWEST INSTITUTE

CERTIFIED ADDICTIONS COUNSELOR LEVEL I CERTIFICATE

BACHELOR OF ARTS DEGREE- U OF M-FLINT

TRAINING CERTIFICATE-NATIONAL CRISIS PREVENTION INST.

MASTER OF ARTS – DEPAUL UNIVERSITY

LETTER OF REFERENCE – ASSOC PROF TACCARINO, DEPAUL UNIV

LETTER OF REFERENCE-OPPORTUNITIES NETWORKING SYSTEMS

LETTERS OF REFERENCE-DETROIT EAST INC.

LETTER OF RECOMMENDATION-CHAS B. THOMAS ASST PROF UM-F

LETTERS AND JOB DESCRIPTION- RENNAISSANCE WEST.

REQUEST FOR TEMP LICENSE-DESMOND WALTERS (NOT RESPONDED)

REJECTION OF APPL- NEW CENTER CMH DETROIT.

MISC DOCUMENTS TO SUPPORT APPLICATION.

*Plt. 13-10*
*Exh.*

# Michigan Certification
## Board for Addiction Professionals

This certifies that

# Desmond Girard Walters

has met the requirements for the

### CAC-I
## CERTIFIED ADDICTIONS COUNSELOR-LEVEL I

as established by the

*Michigan Certification Board for Addiction Professionals*

| | | | |
|---|---|---|---|
| Effective on this | Seventeenth | day of | September 2003 |
| To expire on the | Seventeenth | day of | September 2005 |

Certificate Number 1-03386

Michigan Certification Board for Addiction Professionals

*P.t. Exh. 13-11*



STATE'S EXHIBIT

S

Original Court    3rd copy   Defendant
1st copy   Jail    4th copy   Prosecutor
2nd copy   ...ch   State Police CJIC    5th copy   ...n board (if needed)   PAGE 1

Approved, SCAO

| STATE OF MICHIGAN<br>7TH JUDICIAL CIRCUIT<br>GENESEE COUNTY CIRCUIT COURT | JUDGMENT OF SENTENCE<br>☒ COMMITMENT TO JAIL | CASE NO.<br>04-013409-FH N |
|---|---|---|

| RI<br>I-250015J | Court Address COUNTY CLERK<br>FLINT, MI 48502 | Court Telephone n..<br>810-2.7-3220 |
|---|---|---|

Police Report No. FPD2074203

| THE PEOPLE OF<br>    ☒ The State of Michigan<br>    ☐ _____ | V | Defendant's name, address, and telephone n..<br>DESMOND GIRARD WALTERS<br>1301 W STEWART<br>FLINT, MI 48504 |
|---|---|---|

| CTN/TCN<br>250300489101 | SID | DOI<br>1 /14/61 |
|---|---|---|

**HE COURT FINDS:**

. Defendant was found guilty on __10/22/04__   of the crime(s) as stated below:
Date

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE(S)<br>MCL citation/PACC code |
|---|---|---|---|---|---|---|
| | Plea+ | Court | Jury | | | |
| 1 | G | | | | CNTRL SUB POSSESS <25 GRM | 333.74032A5 |
| 2 | | | | NP | CNTR SUB DEL SCHED 1,2,3 | 333.74012B-A |
| 3 | | | | NP | CS-MAIN/DRUG HOUSE/VEHICL | 333.7405D |

For plea: insert G for guilty plea, NC for nolo contendere, or MI for guilty but mentally ill. For dismissal: insert
) for dismissed by court or NP for dismissed by prosecutor/plaintiff.

. Defendant ☒ represented by an attorney: CLARK,HENRY J.,JR.

**T IS ORDERED:**

] 8. Defendant is sentenced to jail as follows:    ☐ Report ac ____ m.

| Count | Date Sentence Begins | Sentenced | | Credited | | To Be Served | | Release Authorized<br>for the Following Purpose | Release From | Period To |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Mos. | Days | Mos. | Days | Mos. | Days | | | |
| 1 | 11/24/04 | | 60 | | 5 | | 55 | ☐ Upon payment of fine/costs<br>☐ To work or seek work......<br>☐ For attendance at school..<br>☐ For medical treatment.....<br>☐ Other _____ | | |

. Defendant shall pay as follows:    $50.00 CRIME VICTIM FEE    $60.00 STATE MINIMUM COSTS
    $500.00 COURT COSTS    $620.00 TOTAL

The due date for payment is _____. Fine, costs, and fees not paid within 56 days
of the due date are subject to a 20% late penalty on the amount owed. ☐ Defendant shall
serve ____ days in jail beginning _____ for failure to pay on time.

] 10. Defendant shall be placed on probation for __18 months and abide by the terms o'
probation.(see separate order.)

] 14. Other: DEFT TO SERVE IN THE GENESEE CO. JAIL WITH WORK RELEASE
AND FOR MEDICAL TREATMENT. DEFT TO CONTINUE COUNSELING
AT WOODWARD. DEFT TO REPORT THIS CASE TO THE DEPARTMENT
OF LICENSING.

*Plt.*
*Exh. 13-18*

__November 24, 2004__    (SEAL)     _Geoffrey L. Neithercut_
te           Judge/Magistrate GEOFFREY L. NEITHERCUT

MCL 765.15(21) MCL 769.16a, MCL 775.22, MCL 780.766, MCL 73

| STATE'S<br>EXHIBIT<br>I |
|---|

C 219 (9/03) JUDGMENT OF SENTENCE/COMMITMENT TO JAIL

**Michigan Department of Community Health**
**Board of Social Workers**
P.O. Box 30670
Lansing, MI 48909
(517) 335-0918
www.michigan.gov/healthlicense

DCH/LSW-020 (02/06)                   Page 1 of 2

## APPLICATION FOR A BACHELOR'S SOCIAL WORK LICENSE

Authority: Public Act 368 of 1978, as amended.
If this form is not completed, a license will not be issued.

Tran Info:680201  12077192-1  06.23/06
Chk#: 1028161   Amt: $40.00
ID: 385743063

**Type or Print Only**

### I AM APPLYING FOR THE FOLLOWING:

☐ Limited Bachelor's Social Work License Fee: $40.00   71-6802-03
☑ Bachelor's Social Work License Fee: $40.00   71-6802-01
☐ Bachelor's Social Work License by Endorsement Fee: $40.00   71-6802-09

Board Use Only

Registration Number

Date of Registration
W-426 139 279 949

Your check or money order drawn on a US financial institution and made payable to the STATE OF MICHIGAN must accompany this application. DO NOT SEND CASH. Fees are deposited upon receipt and can only be refunded under refund rules promulgated by the Department.

| First Name | Middle Name | Last Name |
|---|---|---|
| Desmond | Girard | Walters |

| U.S. Social Security Number | Date of Birth | Daytime Telephone Number |
|---|---|---|
| ███-██-████ | ██-██-████ | (810) 347-9399 |

Street Address
1301 W. Stewart Avenue

| City | State | ZIP Code |
|---|---|---|
| Flint | Mich. | 48504-2279 |

All Previous Names and/or Birth Name Used (if applicable)
N/A

Have you ever held a health professional license in Michigan?
☑ No    ☐ Yes

Michigan Registration Number and Expiration Date

Check the appropriate answer to each of the following questions.  NOTE:  Attach a detailed explanation for any Yes answer you check.

1. Have you ever been convicted of a felony?   ☐ Yes   ☑ No

2. Have you ever been convicted of a misdemeanor punishable by imprisonment for a maximum term of 2 years?   ☐ Yes   ☑ No

3. Have you ever been convicted of a misdemeanor involving the illegal delivery, possession, or use of alcohol or a controlled substance (including motor vehicle violations)?   ☑ Yes   ☐ No
*1992-Marijuana/Weed*

4. Have you been treated for substance abuse in the past 2 years? *over a year ago for*   ☑ Yes   ☐ No
*16 months in one and 6 months in another for total 22 mths.*

5. Have you had 3 or more malpractice settlements, awards, or judgments in any consecutive 5 year period?   ☐ Yes   ☑ No

6. Have you had one or more malpractice settlements, awards, or judgments totaling $200,000 or more in any consecutive 5 year period?   ☐ Yes   ☑ No

7. Have you ever had a federal or state health professional license or registration revoked, suspended, or otherwise disciplined; been denied a license; or currently have disciplinary action pending against you?   ☑ Yes   ☐ No

8. Have you ever been censured, or requested to withdraw from a health care facility's staff or had your health care facility staff privileges involuntarily modified?   ☐ Yes   ☑ No

*Plt. Exh. 13*

The Department of Community Health will not discriminate against any individual or group because of race, sex, religion, age, national marital status, disability or political beliefs. If you need assistance with reading, writing, hearing, etc., under the Americans with Dis... may make your needs known to this agency.

**STATE'S EXHIBIT W**

DCH/LSW-020 (02/06)

Name **Desmond Girard Walters**

Page 2 of 2

9. Do you hold or have you held a social services technician registration or license in any state(s)? List each state, the license number, the date issued, and how it was obtained. DO NOT LIST TEMPORARY LICENSES. You must have each state board verify licensure directly to this board office. (Attach additional sheets if necessary.)

☑ Yes ☐ No

LPC   SWK

| State | Permanent License Number | Date of Issue | Obtained by (Exam/Endorsement) |
|---|---|---|---|
| Illinois - LPC | 178-002216 | 4-8-2002 | Exam - NCE |
| | | | |
| | | | |

## EDUCATIONAL RECORD

Provide a chronological record of your educational preparation. Attach additional sheets if necessary.

| Name and Address of College | Major Area of Study | Degree | Graduation Date |
|---|---|---|---|
| C.S. Mott Comm. College 1401 E. Court St. Flint, Mi 48503 | Liberal Arts | Associate of Arts (General) | 1987 |
| University of Michigan-F 303 E. Kearsely St. Flint, Michigan 48502 | Social Work | Bachelor of Arts | 1991 |

## SOCIAL WORK EXPERIENCE

ALL QUALIFYING EXPERIENCE FOR BACHELOR'S SOCIAL WORK LICENSE MUST:

1. Have been earned only when holding a limited license, if experience was earned in Michigan after January 2006.
2. Be under the supervision of a Michigan licensed master's social worker.
3. Have been supervised either as an individual or group, but the supervisor must have reviewed the work of the individual for at least 4 hours per month with at least one hour being on an individual basis.
4. Be earned at not less than 16 hours per week but no more than 40 hours per week.

| FROM: (Month, Day, Year) | TO: (Month, Day, Year) | EMPLOYER'S NAME AND ADDRESS | POSITION OR TITLE HELD | HOURS PER WEEK | SUPERVISOR'S NAME AND REGISTRATION NUMBER |
|---|---|---|---|---|---|
| 8-1-91 | 11-1-92 | Thresholds - Outreach 4101 N. Ravenswood Chgo. Ill. 60613 | Outreach Worker | 40 | 68-01- |
| 6-1-95 | 4-4-96 | Comm. Recovery Services 1110 Eldon Baker Dr. Flint, Mi 48507 | Substance Abuse Counsel | 40 | 68-01- |

## CERTIFICATION

I understand that it is the policy of this agency to secure a criminal conviction history as part of the pre-licensure screening process. I authorize this agency to use the information provided in this application to obtain a criminal conviction history file search from the Central Records Division of the Michigan Department of State Police or other law enforcement or judicial record-keeping organization.

I further consent to the release of information to this agency regarding any disciplinary investigations conducted by a similar licensure, registration, or specialty certification board of this or any other state, of the United States military, of the federal government, or of another country.

The statements in this application are true and correct. I have not withheld information that might affect the decision to be made on this application. In signing this application, I am aware that a false statement or dishonest answer may be grounds for denial of my application or revocation of my license and that such misrepresentation is punishable by law.

Signature of Applicant  *Desmond L. S. Walters*

Date  8-17-06

Plt. 13 Exh. 13

*Desmond S. Walters*
*8-22-06*

Michigan Department of Community Health
**Board of Counseling**
P.O. Box 30670
Lansing, Michigan 48909
(517) 335-0918

**Appropriate Question Responses**
**Application Question "Yes" Responses**

**Question 3: Have you ever been convicted of a misdemeanor involving the illegal delivery, Possession, or use of alcohol or a controlled substance (including motor vehicle violations)?**

Answer: Yes, I have a misdemeanor conviction for the illegal possession of marijuana in 1992 during a motor vehicle traffic stop.

**Question 4: Have you been treated for substance abuse in the past 2 years?**

Answer: Yes, I entered treatment in January of 2004 and participated consistently in a eight week or two month program for sixteen months until I was kind of forced-out with an earned completion certificate and a good prognosis for continued sobriety. Then I enter a second program within the same week for another six months in another eight week or two month program for a total of twenty-two months almost two years of consecutive substance abuse treatment and participation in 2 different programs with another completion certificate and good prognosis for continued recovery. When if completion seeking I could have been done in the first programs eight weeks or 2 months due to no dirty urines and excellent attendance then this question here & now would be no.

**Question 7: Have you ever had a federal or state health professional license or registration revoked, suspended, or otherwise disciplined; been denied a license; or currently have disciplinary action pending against you?**

Answer: Yes, I have been denied a Social Work Technician Registration soley on the grounds of "Lack of Good Moral Character/Turpitude" on 3 separate application efforts over the past ten years.

**End of "Yes" answers of questions asked on the State of Michigan licensing applications.**

Plt. 13.15
Exh.

Michigan Department of Community Health
**Board of Counseling**
P.O. Box 30670
Lansing, MI  48909
(517) 335-0918
www.michigan.gov/healthlicense

BCH/LCN-010 (02/05)                           Page 1 of 3

Tran Info:640109   12081716-1  08/25/06
Ckd#: 1028163   Amt: $115.00
ID#: 385743063

## APPLICATION FOR LICENSURE AS A COUNSELOR
Authority: Public Act 368 of 1978, as amended
If this form is not completed, a license will not be issued.

**Type or Print Only**

### I AM APPLYING FOR THE FOLLOWING:

☐ Professional Counselor License by Exam - Fee: $115.00 71-6401-01

☑ Professional Counselor License by Endorsement - Fee: $115.00 71-6401-09

☐ Limited Counselor License - Fee:  $80.00 71-6401-03

☐ Professional Counselor License, Grandfathering - Fee: $115.00 71-6401-05

Board Use Only
License Number

Date of Licensure

Your check or money order drawn on a U.S. financial institution and made payable to the **STATE OF MICHIGAN** must accompany this application.
**DO NOT SEND CASH.** Fees are deposited upon receipt and can only be refunded under refund rules promulgated by the Department.

| First Name | Middle Name | Last Name |
|---|---|---|
| Desmond | Girard | Walters |

| U.S. Social Security Number | Date of Birth | Daytime Telephone Number |
|---|---|---|
| ███ - ███ - ███ | ██ - ██ - ██ | (810) 347-9399 |

Street Address
1301 W. Stewart Avenue

| City | State | ZIP Code |
|---|---|---|
| Flint | Mich. | 48504-2279 |

| All Previous Names and/or Birth Name Used (if applicable) | | |
|---|---|---|
| N/A | N/A | N/A |

Have you ever held a health professional license in Michigan?
☑ No    ☐ If yes, list Michigan permanent I.D./license number and expiration date: _____

Check the appropriate answer to each of the following questions.  NOTE: Attach a detailed explanation for any Yes answer you check.

| | | | |
|---|---|---|---|
| 1. Have you ever been convicted of a felony? | ☐ Yes | ☑ No | |
| 2. Have you ever been convicted of a misdemeanor punishable by imprisonment for a maximum term of 2 years? | ☐ Yes | ☑ No | |
| 3. Have you ever been convicted of a misdemeanor involving the illegal delivery, possession, or use of alcohol or a controlled substance (including motor vehicle violations)? | ☑ Yes | ☐ No | *1992 of marijuana/weed* |
| 4. Have you been treated for substance abuse in the past 2 years? | ☑ Yes | ☐ No | *over 2 year ago for* |
| 5. Have you had 3 or more malpractice settlements, awards, or judgments in any consecutive 5 year period? | ☐ Yes | ☑ No | *16 months in one and 6 months in another for total 22 months.* |
| 6. Have you had one or more malpractice settlements, awards, or judgments totaling $200,000 or more in any consecutive 5 year period? | ☐ Yes | ☑ No | |

*Plf. 12 Exh.*

The Department of Community Health will not discriminate against any individual or group because of race, sex, religion, age, marital status, disability or political beliefs. If you need assistance with reading, writing, hearing, etc., under the Americans with Dis[abilities Act], make your needs known to this agency.

STATE'S
EXHIBIT
X

DCH/LCN-010 (02/05)

Name

Desmond Girard Walters

### Provide a description of your professional counseling experience.
### Attach additional sheets if necessary.

| Name and Address of Employer | Dates of Practice From | To | Duties |
|---|---|---|---|
| 105. Detroit East CMH 9141 E. Jefferson Detroit, Mich. 48214 | 12/97 | 2/22/98 | individual and group counseling, networking, reporting case mgt, referral etc. |
| ths. Renaissance West CMH 13940 Tireman Detroit, Mi. 48224 | 2/20/98 | 7/27/98 | individual and group Counseling drug screening. Intake Assessments Networking, case mgt. Diagnosis Imp. |
| 105. New Era Alternative Tx CTR. G-3083 Flushing Rd. Flint, Mich. 48532 | 8/?/98 | 11/?/98 | Intake Assessments, Diagnostic Impressions, Individual counseling referrals, networking etc |
| ths. ParkView Counseling 18644 W. 7 mile Rd Detroit, Mich. 4821 | 3/24/99 | 8/30/99 | individual Counseling, Case mgt networking, referrals, reporting |
| 105. Spectrum Programs, Inc. 11031 N.E. 6th Ave. Miami, Florida. 33161-7182 | 3/?/00 | 9/?/00 | Case mgt. Drug screening individual and group counseling Networking, referrals, family therapy. |

### CERTIFICATION

I understand that it is the policy of this agency to secure a criminal conviction history as part of the pre-licensure screening process. I authorize this agency to use the information provided in this application to obtain a criminal conviction history file search from the Central Records Division of the Michigan Department of State Police or other law enforcement or judicial record-keeping organization.

I further consent to the release of information to this agency regarding any disciplinary investigations conducted by a similar licensure, registration, or specialty certification board of this or any other state, of the United States military, of the federal government, or of another country.

The statements in this application are true and correct. I have not withheld information that might affect the decision to be made on this application. In signing this application, I am aware that a false statement or dishonest answer may be grounds for denial of my application or revocation of my license and that such misrepresentation is punishable by law.

Signature of Applicant

Desmond G. Walters

Date

8-21-06

NOIO for
Bachelor Social Work

NOIO for  Counselor

Both on basis of prior denial
for lack of good moral char. +

Plt. 13-17
Exh.

Michigan Department of Community Health
**Board of Counseling**
P.O. Box 30670
Lansing, MI 48909
(517) 335-0918
www.michigan.gov/healthlicense

*[handwritten notes upper right:]*
*1st applied 9/2006 –*
*10/23/06 NOID in PROCESS*
*WITHDREW APPL 2/21/07*
*DEBI*
*NOID because of*
*previous denial by*
*bd. Desmond needs*
*to revise app*

## APPLICATION FOR LICENSURE AS A COUNSELOR
Authority: Public Act 368 of 1978, as amended
If this form is not completed, a license will not be issued.

**Type or Print Only**

### I AM APPLYING FOR THE FOLLOWING:

- ☐ Professional Counselor License by Exam - Fee: $115.00 71-6401-01
- ☑ Professional Counselor License by Endorsement - Fee: $115.00 71-6401-09
- ☐ Limited Counselor License - Fee: $80.00 71-6401-03
- ☐ Professional Counselor License, Grandfathering - Fee: $115.00 71-6401-05

Your check or money order drawn on a U.S. financial institution and made payable to the **STATE OF MICHIGAN** must accompany this application. **DO NOT SEND CASH.** Fees are deposited upon receipt and can only be refunded under refund rules promulgated by the Department.

Date of Licensure: *W 436 139 279 949*

| First Name | Middle Name | Last Name |
|---|---|---|
| Desmond | Girard | Walters |

| U.S. Social Security Number | Date of Birth | Daytime Telephone Number |
|---|---|---|
| ~~■■■-■■-■■■■~~ | ~~■■-■■-■■■■~~ | (810) 931-5157 |

Street Address: *1301 W. Stewart Avenue*

| City | State | ZIP Code |
|---|---|---|
| Flint | Mich. | 48504-2279 |

All Previous Names and/or Birth Name Used (if applicable):

E-Mail Address:

*[handwritten: Plt. Exh. 13-18]*

Have you ever held a health professional license in Michigan?
☑ No ☐ If yes, list Michigan permanent I.D./license number and expiration date: _____

**Check the appropriate answer to each of the following questions.** NOTE: Attach a detailed explanation for any Yes answer you check.

1. Have you ever been convicted of a felony? ☑ Yes ☐ No

2. Have you ever been convicted of a misdemeanor punishable by imprisonment for a maximum term of 2 years? ☐ Yes ☑ No

3. Have you ever been convicted of a misdemeanor involving the illegal delivery, possession, or use of alcohol or a controlled substance (including motor vehicle violations)? ☑ Yes ☐ No

4. Have you been treated for substance abuse in the past 2 years? ☐ Yes ☑ No

5. Have you had 3 or more malpractice settlements, awards, or judgments in any consecutive 5 year period? ☐ Yes ☑ No

6. Have you had one or more malpractice settlements, awards, or judgments totaling $200,000 or more in any consecutive 5 year period? ☐ Yes ☑ No

The Department of Community Health will not discriminate against any individual or group because of race, sex, religion, age, national origin, color, marital status, disability or political beliefs. If you need assistance with reading, writing, hearing, etc., under the Americans with Disabilities Act

DCH/LCN-C10 (08/06)

Name
*Desmond Girard Walters*

*Page 1 of 4*

## Provide a description of your professional counseling experience.
### Attach additional sheets if necessary.

| Name and Address of Employer | Dates of Practice From | To | Duties |
|---|---|---|---|
| Detroit East CMH 9141 E. Jefferson Detroit, Mich. 48214 | 12-22-1997 | 2-23-1998 | individual and group Counseling with DD/MISA clients, Case mgnt. Network and referrals etc. |
| Renaissance West CMH 13940 Tireman Detroit, Mich. 48224 | 2-23-1998 | 7-27-1998 | individual and group Counseling Intake Assesments, diagnostic Impression, Case mgnt, drug screens etc. |
| New Era Alternative Treatment G-3083 Flushing Road Flint, Mich. 48532 | 8-1998 | 11-1998 | 1:1 Counseling Sessions, Intake Biopsychosecials, diagnostic Impression, referrals, drug screens etc. |
| Parkview Counseling Center 989 University Drive Pontiac, Mich. 48342 | 3-15-1999 | 8-12-1999 | 1:1 Counseling Sessions, Couples Sessions, networking, Referrals drug screens etc. |
| Spectrum Programs, Inc. 140 NW 59th Street Miami, Florida 33127 | 3-2000 | 9-2000 | individual and group work, diagnostic impressions, case mgnt Court reporting, drug screens etc. |

## CERTIFICATION

I understand that it is the policy of this agency to secure a criminal conviction history as part of the pre-licensure screening process.  I authorize this agency to use the information provided in this application to obtain a criminal conviction history file search from the Central Records Division of the Michigan Department of State Police or other law enforcement or judicial record-keeping organization.

I further consent to the release of information to this agency regarding any disciplinary investigations conducted by a similar licensure, registration, or specialty certification board of this or any other state, of the United States military, of the federal government, or of another country.

The statements in this application are true and correct.  I have not withheld information that might affect the decision to be made on this application.  In signing this application, I am aware that a false statement or dishonest answer may be grounds for denial of my application or revocation of my license and that such misrepresentation is punishable by law.

Signature of Applicant
*Desmond G. Walters*

Date
*3-3-2009*

*Plt. 13-19*
*Exh.*



**STATE OF MICHIGAN**

**DEPARTMENT OF COMMUNITY HEALTH**

LANSING

JENNIFER M. GRANHOLM
GOVERNOR

JANET OLSZEWSKI
DIRECTOR

## MEMORANDUM

**TO:**    Sherri Johnson, Manager
Allegation Section

**FROM:**    Rae Ramsdell, Licensing Director
Licensing Division

**SUBJECT:**  Desmond G. Walters
SS#: ~~382741~~
Applicant for Licensure - Counseling

**DATE:**    April 30, 2009

Information provided for the captioned applicant does indicate that the applicant lacks the propensity to serve the public in a fair, honest, and open manner.

Applicant has had previous denial by Board. Board needs to review application.

Please proceed with a notice of intent to deny licensure for this applicant.

Attachment

Approved: *Melanie Brim*
Melanie Brim, Bureau Director

C: Applications Section

# MICHIGAN DEPARTMENT OF COMMUNITY HEALTH
## Board of Social Work & Board of Counseling
P.O. Box 30670
Lansing, Michigan 48909
(517) 335-0918

## *AFFIRMATIVE QUESTION RESPONSES*
*NOTE: Application(s) questions "Yes" Responses*

*1. Have you ever been convicted of a felony ?*

Answer: Applicant/Respondent in reply to "Yes" answers on his application(s) now

amends his plea to nolo contendere and/or the fifth amendment **pursuant to**

**MCL 333.1670a, sec. (2-3).**

*3. Have you ever been convicted of a misdemeanor involving the illegal delivery, possession, or used of alcohol or a controlled substance (including motor vehicle violations) ?*

Answer: Applicant/Respondent has one misdemeanor conviction for illegal possession of

marijuana in June 1992 during a motor vehicle stop. Since then, Applicant has

completed *three* court-ordered substance abuse programs in January 2004, May

an November of 2005. The last program completion was in compliance with the

Boards et al., mandate of rehabilitation and good moral character **pursuant to**

**MCL 339.510. [ with attachments ].**

*The End of "YES" answers of questions asked on the State of Michigan, Department of Community Health Applications for health licensure in 2009.*

RESPECTFULLY SUBMITTED,

Sincerely,

Desmond G. Walters
Applicant/Respondent

State Of Michigan
In The Circuit Court for The County of Genesee

AMENDMENT
TO
CLAIM OF APPEAL

Desmond G. Walters, MA, LPC, CAC-1
1301 W. Stewart Ave.
Flint, Michigan 48504-2279
**Pro Se**
Claimant-Appellant- Petitioner

No. 97-59446 -AE  **(Revised)**
Judge Geoffrey L. Neithercut
P-25466

B 1996-08123-RR2-
187396W  Old#141341W

V.S.

Community Recovery Services, Inc.
711 North Saginaw Street
Suite 323
Flint, Michigan 48503-1703

Employer- Appellant- Respondent
&

Unemployment Insurance Agency, (f/k/a Michigan Employment Security Agency)
Michigan Department of Consumer & Industry Services- Board of Social Work

Appellee-Respondent

APPELLANT BRIEF

Issue(s) Involved In:

1. Use of Illegal Drugs.                           3/29/96
2. Under the Doctrine of Employment At-Will

1.  IS THE CLAIMANT DISQUALIFIED FOR BENEFITS AS PROVIDED FOR BY
THE DRUG TESTING PROVISION OF SECTION 29, (1) (M) OF THE MICHIGAN
EMPLOYMENT SECURITY ACT?

2. ALL EMPLOYMENT AT-WILL STATES RECOGNIZE CERTAIN STATUTORY
EXCEPTIONS TO THE DOCTRINE, WHILE MANY ALSO RECOGNIZE ONE OR
MORE COMMON-LAW EXCEPTIONS. WHICH EMPLOYMENT AT-WILL
EXCEPTIONS MICHIGAN RECOGNIZE?

A TRUE COPY
Michael J. Carr, Clerk

Plt. 13-22
Exh.

STATE'S
EXHIBIT
Y



STATE OF MICHIGAN
DEPARTMENT OF COMMUNITY HEALTH
LANSING

JENNIFER M. GRANHOLM
GOVERNOR

JANET OLSZEWSKI
DIRECTOR

December 2, 2004

**RECEIVED**

DEC 1 0 2004

BUREAU OF HEALTH PROFESSIONS
COMPLAINT & ALLEGATION DIVISION

7th Circuit Court
Attention Court Clerk
900 S. Saginaw St.
Flint, MI  48502

Subject:  Request for **CERTIFIED** Court Documents

RE:   WALTERS, Desmond G., SWT
       D.O.B.:       12/14/1961
       CASE #:       04-013409FH

Our Department has received information that charges have been filed in your court on the above named health professional who is licensed or seeking licensure through our agency.  Because of this information, we are conducting an investigation.

Please supply us with a **CERTIFIED** copy of the following documents (a true copy is not sufficient for our purposes):

____ Complaint            ✓ Plea Agreement            ✓ Docket/Register of Actions
✓ Information            ____ Ticket                  ✓ Sentencing/Judgment
____ Indictment          ✓ Probation Order            ____ Dismissal Order
____ Defendant's Sentencing Memorandum                ____ Jury Verdict Form
____ Warrant

See enclosed  Plt. 14
Exh.

If you have any questions or encounter a problem with this request, please contact me at (517) 335–4334.  Your assistance with this matter is appreciated.

Sincerely,

*Pamela Dixon*

Pamela Dixon, Departmental Analyst
Complaint & Allegation Division

**Please Forward Certified Copies To:**

Pamela Dixon
Complaint & Allegation Division
Bureau of Health Professions
Department of Community Health
P.O. Box 30670
Lansing MI  48909-8170



STATE OF MICHIGAN

DEPARTMENT OF COMMUNITY HEALTH

LANSING

JENNIFER M. GRANHOLM
GOVERNOR

JANET OLSZEWSKI
DIRECTOR

# MEMORANDUM

**DATE:**     January 10, 2005

**TO:**     Sherri Johnson
Allegation Section
Complaint and Allegation Division

**FROM:**     Pamela Dixon, Departmental Analyst
Allegation Section
Complaint and Allegation Division

**SUBJECT:**     WALTERS, Desmond G., SWT Pending
Contingent File #68-04-97471

This Criminal Contingent File was opened on December 2, 2004, upon receipt of information from Kennon DeWitt, Assistant Prosecuting Attorney, 7th Circuit Court, forwarding information that Mr. Walters had been convicted of Possession of Controlled Substance less than 25 grams. The offense took place on or about October 16, 2003.

All standard documents were requested from the 7th Circuit Court.   Certified copies of the documents were received on December 10, 2004.

## Case 04-013409FH
On October 22, 2004, Mr. Walters pled guilty to Controlled Substance Possession less than 25 grams.  On November 24, 2004, Mr. Walters was sentenced to serve sixty days jail with five days credit with work release and medical treatment, placed on probation for eighteen months with terms, ordered to pay fine and costs totaling $620, to continue counseling at Woodard and report this case to the Department of Licensing.

Mr. Walters did not contact the Board to report the aforementioned criminal conviction.

No complaint files and no additional contingent files are listed on Workflow or Licensure 2000. A SOS record and a LEIN were completed.

The licensing screen shows that Mr. Walters applied for a Social Work Technician license. On December 6, 2000, a request for Intent to Deny referred to CAD was entered.  On February 1, 2000, a hold was placed on Mr. Walters's application.

I recommend this file be closed, No Action Taken, pending licensure application.

Sherri Johnson                                    1-25-05

Sherri Johnson                                         Date



## County of Genesee

## Pre-Trial Services

### Jon Care, Director

McCREE COURTS & HUMAN SERVICES BLDG.
630 S. SAGINAW ST.
FLINT, MICHIGAN 48502-1529

ADMINISTRATION
(810) 257-3486

FAX
(810) 257-0520

DENTRAL INTAKE
(810) 257-3489

CITIZENS PROBATION AUTHORITY
(810) 257-3480

COMMUNITY CORRECTIONS
(810) 257-3020

## BOUND OVER TO CIRCUIT COURT REPORT

TO:       The Honorable Geoffrey L. Neithercut

FROM:   Central Intake, Barbara Andrews

RE:       WALTERS, Desmond                    DOCKET NO.: 04-13409-FH

CHARGE: 1) PWID Cocaine<50 Grams          CURRENT BOND:   $5,000 PR SR
              2) PWID Codeine
              3) Maintaining a Drug House

ATTORNEY: Henry Clark, Jr., Retained

DATE: January 27, 2004

   Desmond Walters has a current bond of $5,000 PR with supervised release through Pre-Trial Service – Central Intake with the following conditions of release:  1) Not to use alcohol and/or any controlled substance, 2) Be evaluated by IARC, 3) Submit to drug testing, 4) Live at 1301 W. Stewart Avenue, Flint, 5) Not to be employed at a bar and/or any establishment that serves alcoholic beverages, 6) Maintain employment, and 7) Not to possess a firearm and/or any dangerous weapon.

   Since being referred for supervision, the defendant has complied with the requirements of release in a *satisfactory* manner. Mr. Walters has kept 3 of 3 scheduled appointments with Central Intake and all Court appearances to date. The defendant was evaluated by IARC on January 10, 2003, and met DSM IV criteria for alcohol abuse. IARC recommended outpatient treatment at Woodward Counseling. Mr. Walters started treatment at Woodward Counseling on January 22, 2004.

   The defendant submitted to drug testing on January 23, 2004. The results were negative.

   Mr. Walters claims to be self-employed, working with DW Moving and Hauling. The defendant lives at the required address with his mother.

   It is respectfully recommended that bond remain the same.

Reviewed By: _____

BA/rm

Plt. 14-3
Exh.

# STATE OF MICHIGAN
## 68TH JUDICIAL DISTRICT



JUDGE WILLIAM H. CRAWFORD II • JUDGE HERMAN MARABLE, JR. • JUDGE MICHAEL D. McARA, Chief Judge Pro Tem
JUDGE NATHANIEL C. PERRY III • JUDGE RAMONA M. ROBERTS, Chief Judge • LYNETTE M. WARD, Court Administrator

To: Michigan State Police

From: Charles Overman, Records Technician

Date: May 12, 2006

Subject: Walters/Desmond Girard  CTN 908410523601  incident date 4/16/1984

Upon the request of the defendant who is disputing a charge on his criminal record, I researched the following charge in question:

Incident date: 4/16/1984:  1 CNT of 5500 Misc Health & Safety
Dispo: 5/10/1984  Misuse of Animals
CTN: 908410523601

The defendant also gave me a copy of his booking card he had received from the Flint Police Department and compared the items in question to his criminal history/lein.

I was not able to locate the charge with the 4/16/1984 date; I checked both our state and local, City of Flint Records.

Looking at CCH, I also noticed that there was not an OCA number, like the rest of the charges.

Our records do indicate that in 1981 (81-913FY) that defendant was charged with a similar charge, and maybe it was entered incorrectly creating a problem.

Either way, I am not able to locate the 4/16/1984 charge.

If you have any questions, please contact me at 810-766-8996.

Charles Overman
Records Tech.

cc: D Walters

630 S. SAGINAW STREET
FLINT, MICHIGAN  48502-1526
(810) 766-8968
FAX (810) 424-4499

MAGISTRATE 766-8997                    ADMINISTRATION 766-8970                    PROBATION 766-8960

CONFIDENTIAL

DBS/041/98

### MEMORANDUM

**DATE:**   May 26, 1998

**TO:**   Mr. Desmond Walters
Chemical Dependency Component

**FROM:**   Ms. Daisy Barlow-Smith, ACSW
Executive Director

**RE:**   EMPLOYMENT STATUS

---

Per our conversation on Friday, 5/22/98, I am allowing you thirty (30) days (6/27/98) to clear up the benchmark warrant on your record. Furthermore, you are aware that in order to remain employed at Renaissance West, you must obtain your Michigan social work license. You have sixty (60) days (7/27/98) to comply with this directive. Failure to do so will result in immediate termination.

I wish you the very best in clearing your record, allowing you to proudly exemplify your professionalism.

/mh

cc:  Mr. J. Milanowski
Personnel

Plt. Exh. 14-5



JENNIFER GRANHOLM
GOVERNOR

**STATE OF MICHIGAN**
MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC GROWTH
LANSING

DAVID HOLLISTER
DIRECTOR

September 14, 2005

Desmond G. Walters
1301 W. Stewart Avenue
Flint, MI 48504

Dear Mr. Walters,

Your case is being closed with Michigan Rehabilitation Services because of no vocational impediment to employment.

If you do not agree with this decision to close your case, you may appeal the decision within 30 days by writing to Ms. Jaye N. Balthazar, State Director, Michigan Department of Labor and Economic Growth, Michigan Rehabilitation Services, P.O. Box 30010, Lansing, MI 48909. You may also informally discuss this issue with Suzanne Howell, M.A., District Manager, 760-2103.

A copy of the brochure "How to Appeal Decisions Made by Michigan Rehabilitation Services" is enclosed. You also may contact the Client Assistance Program at 1-800-292-5896 (voice/TTY) if you would like further information or assistance in appealing the decision to close your case.

Sincerely,

Bruce Daily, M.S., LPC
Rehabilitation Counselor

Enclosure





21

**SENDER:** *COMPLETE THIS SECTION*

- ▣ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ▣ Print your name and address on the reverse so that we can return the card to you.
- ▣ Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _Alvita D. McFee_   ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Alvita D. McFee_   6-15-12

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

   Rec'vd
   6-25-2012

1. Article Addressed to:

Office for Civil Rights
U.S. Department of Health
and Human Services
233 N. Michigan Avenue
Suite 240
Chicago, Illinois 60601

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7010 2780 0002 6809 4161

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

Rec'vd
6-25-2012

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**Mr. Desmond G. Walters**
1301 W Stewart Ave.
Flint, MI 48504-2279

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

CHICAGO IL 60601

| | | |
|---|---|---|
| Postage | $ | $5.65 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (Endorsement Required) | | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $10.95 |

0532
09

Postmark
Here

06/13/2012

Sent To
US Depart. of Civil Rights
Street, Apt. No.; or PO Box No.
233 N. Michigan Avenue
City, State, ZIP+4
Chicago, Illinois 60601

7010 2780 0002 6809 4161

℃JS44 (Rev. 12/07)

## CIVIL COVER SHEET

County in which action arose _Genesee_

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Desmond Girard Walters

(b) County of Residence of First Listed Plaintiff _Genesee_
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
1301 W. Stewart Avenue
Flint, Michigan 48504-2279

### DEFENDANTS

State of Michigan Department of Licensing & Regulatory Affair, Rae Ramsdell, Director BHP

County of Residence of First Listed Defendant _Ingham_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES

Case: 2:13-cv-11989
Judge: Rosen, Gerald E.
MJ: Komives, Paul J.
Filed: 05-03-2013 At 03:38 PM
CMP Walters v. Michigan, State of (krk)

| | Plaintiff |
|---|---|
| Citizen | DEF ☐ 4 |
| Citizen | ☐ 5 |
| Citizen Foreign Country | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title II-9-2000 - Title II-2-7000 (7) + (3)

Brief description of cause:
Discrimination under Title II of the ADA

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 5 Million

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE Mark A. Randon
DOCKET NUMBER 09-13294

DATE _august 21, 2012_

SIGNATURE OF ATTORNEY OF RECORD
_Desmond G. Walters_     5-3-2013

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.    Is this a case that has been previously dismissed?    *Technically*    ☑ Yes    ☐ No

If yes, give the following information:

Court: U.S. District Court

Case No.: 09-13294

Judge: Mark A. Randon / Bernard A. Friedman

2.    Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☑ Yes    ☐ No

If yes, give the following information:

Court: 30th Circuit Court of Claims

Case No.: 12-70-MZ

Judge: Rosemarie E. Aquilina

Notes :

5-3-2013

In 2011 under executive order of the new govenor the name of the Public Entity was changed, there is a new Director of the Bureau of Health Professions therefore in strict interpretation this is a new case — technically. I'm not a lawyer and I'm not trying to be one here or elsewhere, I'm just trying to represent myself to the best of my ability to get justice for a violation of my Civil Rights.

Desmond H. Watters